## J. A. HADLEY v. ARNOLD HAVENS.

*Lessor and Tenant. Forcible entry and detainer.*

Where a tenant entered upon the farm of the lessor, under a contract, or parol lease, for one year, with the stipulations, that he would carry on the farm in a good husband-like manner, build a certain piece of fence, cut certain bushes, gather the stones in a particular field, feed and take care of lessor's cattle upon said farm, and not cut growing timber upon said farm, for fuel, &c.; it was held, that evidence proving a breach of such stipulations, will not sustain an action on the statute for "forcible entry and detainer," and entitle the lessor to recover the possession of the premises, before the expiration of the year.

Chapt. 44, § 30 of the Comp. Statutes, provides, " that when the lessee of any lands, " whether by writing or parol, shall hold possession of the same *without right*, " after breach of any stipulations contained in the lease by the lessee, the person " entitled to the possession may be restored, &c." It was held, that the evident intention of this act, was to give summary relief in those cases, where, for breach of such stipulations, the action of ejectment would lie.

THIS was an action to recover the possession of certain premises of the plaintiff's, occupied by the defendant, situated in Waterford, as by plaintiff's declaration, which is as follows:—

" In a plea, that said defendant answer to the complaint of said. " J. A. Hadley, for that, the defendant is in possession of the lands " and tenements of the plaintiff, to wit., being twenty-five acres of " land, and the dwelling house, and other buildings, all in said " Waterford, occupied by said defendant, belonging to said plain- " tiff, which he holds unlawfully, against the right of the plaintiff, " as he says, to the damage, &c."

Plea, not guilty, and trial by jury.

On trial, the plaintiff offered testimony tending to prove, that he leased by parol to the defendant, a part of his farm in said Waterford, from April first, A. D. 1850, to April first, A. D. 1851, upon the following conditions and stipulations:—

That defendant was to carry on the farm in a good husband-like manner, and was to deliver to plaintiff, on said farm, for the use of the same, one half of the produce which he should raise on said farm.

And also build a particular piece of fence on said farm, during that spring, and cut a certain piece of bushes, during the summer season,— pick up the stones in a certain field on said farm, and

was to cut none of the growing timber on said place for wood.

Each party was to furnish one half of the stock, to eat the hay and forage, to be raised on said land; and that the defendant was to feed out said hay on the farm, and take care of and feed the plaintiff's cattle, which he should place there to consume his part of said hay.

The plaintiff also offered to prove, that the defendant had not carried on said farm in a good husband-like manner, that he did not build said fence in the spring, and did not build a part of said fence at all, and that he did not cut said bushes, or pick up said stones, and that he did cut down some growing timber on said farm, to use for wood. That early in the winter, and before the commencement of this suit, defendant gave the plaintiff notice that he should no longer take care of and feed said cattle, which plaintiff had placed at the barn on said premises, to consume his half of said hay, and that thereafter, defendant refused to feed said cattle, and that plaintiff, therefore, was under the necessity of taking said cattle away, and hiring them kept elsewhere.

The court decided, that these facts proved, would not entitle the plaintiff to a verdict, and directed the jury to return a verdict for defendant. To which decision and direction, the plaintiff excepted.

The plaintiff admitted, that there was no stipulation or reservation whatever, in said parol lease, that plaintiff should have any right to re-enter, or determine said lease, upon the failure or refusal of defendant, to perform any or all of the stipulations of said lease, on his part to be performed; and, also, that plaintiff's suit was commenced during the term for which said farm was leased.

*M. Hale* and *S. W. Slade* for plaintiff.

Insisted, that the statute, when the contract is terminated by lapse of time, and when its stipulations have been violated by the lessee, gives the same remedy absolutely, without conditions or qualifications. Compare §§ 23 and 34 of Chap. 44.

The extension of the remedy to a case of breach of stipulations, is indeed recent, not having been adopted until 1850.

The exceptions show, that plaintiff offered to prove a violation, on the part of defendant, of nearly all the stipulations he had entered into, even that which prohibited cutting down young timber

for fire-wood; a wanton act of waste, which, independent of the statute, would forfeit his rights under the lease, and justify the plaintiff in re-entering, or proceeding in ejectment. 4 Kent's Com. 106. 1 Hil. on R. Prop. 279 § 15. *Starr* v. *Jackson*, 11 Mass. 519.

*J. D. Stoddard* and *C. Davis* for defendant.

Insisted, that the statute, at the time of the lease, April first, 1850, conferred the remedy sought in this case, only when there was a wrongful withholding of the demised premises; that the act of 1850 was approved November 12th, 1850, which was after most of the breaches assigned, &c.

It is a general rule in construing statutes, that they are to receive a prospective application, and by construction, never to operate retrospectively, even where they are remedial merely, unless the contrary intention is expressed, or is manifestly apparent. *Whiteman* v. *Hapgood*, 8 Mass. 437. *The Inhabitants of Somerset* v. *The Inhabitants of Deighton*, 12 Mass. 382. Also, *The Inhabitants of Medford* v. *Leonard*, 16 Mass. 215. The 31st section of this statute, provides, in case of recovery in the county court, when there is, an appeal taken, the plaintiff shall have judgment for all rent due, up to the time of judgment, notwithstanding it exceeds thirty dollars. We are unable to conceive how the county court, in a case like the present, can render judgment for rent.

BY THE COURT. This is a prosecution under the 30th section of the act, Comp. Stat. p. 308, entitled "Forcible entry and "detainer," in which plaintiff seeks to recover the possession of the premises described in his writ, upon which the defendant has entered under a contract, or parol lease, for one year. The proceedings are not attempted to be sustained, on the ground that the premises are detained by the tenant, after the determination of the lease by its own limitation, as they were commenced before the expiration of the year embraced in their contract, but they are sought to be maintained on that provision of the act, giving this remedy, for the breach of various stipulations contained in the contract.

The case presents the question, whether the evidence offered, proves a breach of such stipulations, as will sustain these proceed-

Hadley *v.* Havens.

ings, and entitle the plaintiff to recover the possession of the premises. The plaintiff offered to prove, that the farm was not conducted in a good husband-like manner; that a particular piece of fence was not built, during the spring, and that part was not built at all; that certain bushes on the farm were not cut, and the stone in a particular field gathered; that some growing timber was cut for fuel; and that the defendant refused, early in the winter to take care of and feed the plaintiff's cattle on the farm, and that he was obliged to take them away and provide for them elsewhere. These various matters were stipulated for, and the defendant has not performed them, and for this, can these proceedings be sustained, when no provision for re-entry for such causes, was stipulated for by the parties?

At common law, a lessor could be repossessed of premises for breach of certain stipulations contained in a lease, although no reservation was made by the lessor, of the right of re-entry. In such case, however, the stipulations must be of that character, the breach of which determined the interest of the tenant in the premises, as much so, as if it had expired by its own limitation, and which would give the lessor the *right of entry and possession.* Such would be the effect of a breach of any stipulation, express or implied, or of any act of the tenant which disaffirmed or impugned the title of the lessor, and which tended to defeat or divest the estate in reversion, as the covenant against waste, and the like. In those cases, no provision for re-entry is necessary, for the tenant's interest is lost, and the lessor has an immediate right of re-entry. But for the breach of the various stipulations contained in a lease, designed for the management and tillage of the land, and the breach of which has no tendency to deny the relation of tenant, or the rights of the lessor as such, the only remedy is, by an action for damages, unless, as a matter of additional security, the right of re-entry was secured in the contract of the parties; in which case, the lessor is placed upon the same footing that he would be, if the interest of the tenant was determined by any other act, and proceedings may then be sustained to be reinstated into the possession of the premises. Co. Litt. 6, 233, 4. Williams' Law of Real Prop. 321. 15 Com. Law Rep. 225. 7 Johns. 232. 4 Kent's Com. 125.

On these principles it is evident, that no proceedings could be

sustained at common law, to recover the possession of the premises for the breach of any stipulations, complained of in this case. For they were not of that character that would operate as a forfeiture of the tenant's interest, and no right of re-entry for their breach, was provided for in their contract. The question, then, arises upon the construction of our statute. It is to be borne in mind, that this act has created a tribunal of a special and limited jurisdiction, for the purpose of trying those specific cases which are mentioned in the act, and no matter can be prosecuted before that court, but such as are within its express letter. The object of the act was to afford a summary relief, and avoid the expense ·and delay attendant upon the prosecution of an action of ejectment. It was designed as a statute for relief, not to create new causes of action, or new matter, for the recovery of the possession of real estate. This was manifestly the case, under the act of 1797 and 1842, where this mode of proceeding was allowed in cases of forcible disseizin, and a holding over by the tenant. Ejectment would lie in each of those cases, but this summary process was given as a cumulative remedy. The act of 1850, Comp. Stat. 308, Sec. 30, under which this proceeding was instituted, has enlarged the jurisdiction of that court, in proceedings of this character. Before this act, these proceedings could not have been sustained for the breach of any stipulations in such contract or lease, whatever may have been their character or effect, as such a cause was not specified in the act giving jurisdiction to that court. The only remedy was an action for damages, or in ejectment, for the breaches of those stipulations, which operated as a forfeiture of the tenant's interest in the premises. When this act, therefore, provided, "That when "the lessee of any lands, whether by writing or parol, shall hold "the possession of the same *without right*, after breach of any "stipulation contained in the lease by the lessee, the person enti-"tled to the possession may be restored, &c." The evident intention was, to give this summary relief in those cases, where, for breach of such stipulations, the action of ejectment would lie. That a proper construction of this act would confine its effect to those cases, is evident from its language; when the words are used, "after breach of any stipulation contained in the lease," reference is necessarily had to the former words of the act, which provides that such breach must have the effect to render the pos-

session of the tenant " *without right,*" or in other words, that it should forfeit his estate therein, so that he can no longer justify his possession by the contract or lease. This throws the case upon the ground where the matter rests at common law, the statute having simply the effect of affording a speedy and summary restitution of the premises, in cases where the party would otherwise be under the necessity of resorting to the action of ejectment. Any other construction, would, in its effect, be manifestly unjust and inequitable. For if these proceedings can be sustained, for the breach of any and every stipulation in the lease, the tenant may have gone into the possession of the premises under such a contract, performed the labor for the growth of his crops, and done most of the work of the season thereon, and then be deprived of the whole by the act of his lessor, for the non performance of that, which comparatively, is an unimportant stipulation of the parties. Such results could not have been intended, and to warrant them, would require the most clear and unequivocal legislation. As the matters offered to be proved, would be insufficient to sustain ejectment, we think they are equally so to sustain these proceedings. The result is, that the testimony offered, was properly excluded, and the judgment of the county court must be affirmed.