DANIEL B. WESTON *v.* JOHN HALEY, *Apt.*

*Ad ·damnum in the justice ejectment writ.*

In a proceeding under the justice ejectment act, (Comp. Stat. 307, §23 to 28.) the *ad damnum* in the writ may be more than thirty dollars, without affecting the jurisdiction of the justice.

This was a proceeding under the twenty-fourth section of the 44th chapter of the compiled statutes, commonly termed the justice ejectment act, commenced before a justice of the peace. By the writ and declaration the defendant was summoned " to answer " to the plaintiff who complaint makes that the said John Haley is " in possession of a certain messuage" (describing it,) " and that " the said John Haley holds the said premises unlawfully and against " the right of the said plaintiff, as he the said plaintiff avers, all of " which is to his damage, as he says, forty dollars." A recovery was had, before the justice, in favor of the plaintiff, for the possession of the premises, and for $5.60 damages, from which the defendant appealed. In the county court the defendant moved to dismiss the plaintiff's suit "for that the justice before whom " said suit was originally brought, had no jurisdiction to try said " cause."

The county court, March Term, 1854, — PIERPOINT, J., presiding, — overruled the motion to dismiss, to which the defendant excepted.

*R. R. Thrall,* and *S. H. Hodges,* for the defendant.

*E. Fisher, Jr.*, for the plaintiff.

The opinion of the court was delivered by

ISHAM, J. The judgment of the county court in this case must be affirmed. The statute in relation to "forcible entry and detainer," was intended to institute a proceeding of a summary character, for the restitution of the possession of real estate when taken or withheld under the particular circumstances mentioned in the act. The jurisdiction of a justice of the peace in that proceding is in no way affected by the provisions of the general act in relation to the jurisdiction of justices of the peace. Under the act of 1797, the restitution of the possession of the land, and in some cases, the imposition of a fine for the offence, was the general power conferred. Damages sustained by the owner for the illegal entry and detention of the land, or for injuries to the land itself, or compensation for its use during the time of its detention, were not the grounds upon which those proceedings were instituted or sustained. Hence, the jurisdiction of the justice in this proceeding, was not made to depend upon the question of damages, or upon the value of the property involved.

These general principles of the act of 1797 are not altered by the revised or subsequent statutes. Under the revised statutes, in certain cases, treble damages are recoverable, but it is in an action of trespass, after a recovery has been had, under these proceedings. Comp. Stat. 306, § 11. The statute of 1842, Comp. Stat. 307, § 26, first gave the right to the complainant to recover for the use and possession of the premises and for rents, in a sum not exceeding thirty dollars, where the premises are held over by a lessee, who entered under a parol or written lease. This provision was not intended to limit the jurisdiction of a justice in ordering the restitution of real estate, where the use or the rents exceed that amount. The jurisdiction over the principal matter involved is the same as it previously existed, with the additional right to recover to the extent of thirty dollars for its use and rents. If the complainant should demand more than thirty dollars in the *ad damnum* the jurisdiction of the court is not affected, but his recovery for that matter, is limited to that amount.

The judgment of the county court is affirmed.