## JOHN MCMAHAN *v.* JACOB EDGERTON.

### *Officer.    Process.    Pleading.*

An officer is not liable for the penalty imposed by the Statute for neglecting or refusing to give a person a copy of the process by virtue of which he is arrested, unless he have process for such arrest in his hands at the time.

When an officer arrested a person on a warrant returnable forthwith before a Justice of the Peace, and the Justice was absent at the time, and the officer placed the respondent in jail for safe keeping until the return of the Justice, and for no other purpose; and did not leave with the jail keeper any warrant or copy, and thereupon the respondent demanded a copy of the process, on which he was detained, of the jail keeper, who was also sheriff of the county, and tendered the fees therefor, and the jail keeper neglected for more than six hours to give him a copy, it was held the jail keeper did not thereby become liable for the penalty imposed by the statute for neglecting or refusing for more than six hours after demand, to give the prisoner a copy of the process by virtue of which he was detained.

When the declaration omitted to aver that the defendant had *process or a warrant for detaining the prisoner* in his hands at the time of the demand for a copy, and no demurrer was interposed; it was held, nevertheless, that plaintiff was bound to show that fact on trial, as constituting an essential element in the offence charged.

This was an action to recover a penalty under a statute law of this State, as follows :

" Any officer who shall refuse or neglect for six hours, to deliver a true copy of the warrant or process by which he detains any prisoner, to any person who shall demand such copy and tender the fees therefor, shall forfeit and pay to such prisoner the sum of two hundred dollars." See General Statutes, chap. 23, sec. 43.

Plea, general issue.   Trial by jury.   Upon the trial of this cause, the plaintiff introduced evidence tending to prove that he, the plaintiff, on the 14th day of October, 1859, was confined a prisoner in the common jail in Rutland, and in the custody of the defendant, who then was sheriff of the county of Rutland, and keeper of the jail; that on that day he made a demand of the defendant of a true copy of the warrant or process by which he detained him, the plaintiff, in prison in said jail, and tendered him five dollars for the fees for said copy ; and that the defend-

ant neglected and refused, for the space of more than six hours, to furnish said copy. Thereupon the defendant contended that the plaintiff was not entitled to recover, for the reason that he did not prove that the defendant had any warrant or process upon which he detained the plaintiff in prison, and the court decided that it was incumbent upon the plaintiff to prove that the defendant had a warrant or process against the plaintiff at the time of making said demand and tender, and that the court should so instruct the jury. And thereupon, plaintiff, by leave of court, introduced evidence tending to prove that on the 11th day of October, 1859, the defendant had in his hands a warrant, issued on the complaint of the state's attorney of said county, and signed by M. G. Everts, justice of the peace, against John Doe, alias —— —— (the plaintiff's name not being on the warrant ;) that on that day he delivered said warrant to William G. Edgerton, then a deputy sheriff under the plaintiff, and directed him to go to the state's attorney for instructions, which he did ; that on the same day the said William G. Edgerton arrested the plaintiff upon said warrant, as directed by said attorney, and confined him in the jail for safe keeping, until the return of the magistrate who signed said warrant, and who was then absent from town when he, the plaintiff, was confined, from the 11th to the 17th day of October, 1859, inclusive, (said magistrate still being absent) when he was discharged without any examination, by order of the state's attorney ; and that no copy of the warrant was ever left with the defendant. The warrant and complaint were then introduced, upon which no return was made. No evidence was introduced by the defendant. Upon the introduction of this evidence the court decided that the defendant was not liable to the penalty claimed by the plaintiff, and directed the jury to return a verdict for the defendant, and they did so. To the several decisions of the court, and their instructions to the jury, the plaintiff excepts.

—— for plaintiff.

*H. Allen* for the defendant.

McMahan *v.* Edgerton.

BARRETT, J.    This is an action on the statute for the pen-
alty imposed, in case a person detaining a prisoner shall, on
demand and tender of fees, refuse or neglect to deliver a true
copy of the warrant or process by virtue of which he detains
such prisoner.    It is clearly a *penal* action, and, according to
many decided cases, stands upon the same rules of evidence as
any other form of criminal prosecution.    It is obvious, there-
fore, that the refusal or neglect, by which the forfeiture is to be
incurred, must be the personal, voluntary act of the person
sought to be charged ; and that the plaintiff must show by the
requisite proof all the facts essential to constitute the culpable
refusal or neglect contemplated by the statute.

The very idea, upon which this duty of the officer having the
prisoner, to give the demanded copy rests, necessarily implies
that such officer has, or, but for his own act in depriving him-
self, would have, the warrant or process of which he is required
to give a copy.    Hence, in order for the defendant to be regarded
capable of refusing or neglecting to comply with the demand,
it should appear that the defendant had, or, having once had,
wrongfully had deprived himself of, such process or warrant.
This being an essential element of the plaintiff's right to recover,
it devolves on him to make affirmative proof of the fact.

The plaintiff's counsel undoubtedly entertained this view, and
accordingly gave evidence to show that the plaintiff had been
arrested upon a warrant of a justice of the peace. by a deputy
sheriff, who was holding him in custody to have him before the
justice, agreeably to the precept of the warrant ; that in the
absence of the justice, and awaiting his return, the deputy
sheriff kept his custody of the plaintiff, by putting him into the
county jail, — not as an act of commitment required by the
warrant, but only as a convenient means of maintaining his cus-
tody.

Of course, it was of the same character as if the deputy
sheriff had confined the plaintiff for safe keeping in any other
room or building, in charge of any other person    The evidence
also showed that the deputy sheriff left no copy of the warrant
with the defendant, and made no return upon the warrant.    As
the precept of the warrant only required the officer to arrest the

plaintiff and have him before the justice, of course the only proper return would have been in pursuance of such precept; and to this end, it could not be requisite to set forth either the mode of the arrest, or of the means by which the custody had been kept. Whether he would give a copy of his warrant to the jailor or not was a matter entirely within the control of such officer. If he had done so, whether it would have varied the legal character of the custody he was keeping of the plaintiff need not now be determined or discussed.

The plaintiff himself having thus shown that there never had been delivered to the defendant any precept or process, or any copy thereof, on which the plaintiff was detained as a prisoner, it could not properly be held that the defendant refused or neglected to give the copy upon the lawful demand thereof, in the obvious sense and intent of the statute.

The lawfulness of the imprisonment is not now the subject of enquiry, nor whether there is any official liability of the defendant for the acts of his deputy in making the arrest and keeping the custody of the plaintiff under the warrant. This suit is brought exclusively on the section of the statute recited in the declaration, and for the forfeiture therein provided.

The point taken by the learned counsel for the plaintiff, that he was not bound to prove that the defendant had a warrant or process, by which he detained the prisoner, because he had not averred it in his declaration, we cannot regard as tenable. Though the defendant went to trial without demurring to the declaration for the want of that material averment, we think the objection might be taken on the trial, on the failure of the plaintiff to prove the fact. It would be far from certain that a verdict for the plaintiff would have withstood a motion in arrest, even if the fact itself had been proved — this being in the nature, and governed by the rules of criminal proceedure.

It therefore does not become the plaintiff to complain that the objection was taken at a stage of the case that afforded him an opportunity to bring his proofs up to the requirements of the law, even though he had failed to make the necessary averments in that respect in his declaration. A conclusive test of this point would be presented, if the defendant, instead of taking the objec-

tion upon the state of the plaintiff's evidence, had offered under the general issue, to show that the deputy did not deliver a copy when he put the plaintiff into jail, in connection with the other facts now shown by the plaintiff's evidence as to the occasion and manner of his being put in and detained. Upon the view we have already expressed, as to what is essential in order to render the defendant capable, in the given case, of neglecting or refusing to give the copy, so as to incur the forfeiture, it is obvious that we should regard such evidence admissible, and if the fact should be proved, it would constitute a good defence.

We see no error in the rulings of the county court, and the judgment is affirmed.