## McNEICE *v.* WEED.

*Service of Process against Body.    Gen. Sts. c. 33, s. 57.*

Full service of writs against the body, so far as service is material to plaintiff's right to maintain his suit, is made by arresting the body and exhibiting the process; the furnishing of a copy on defendant's requirement being a matter wholly between him and the officer.

SLANDER.    Plea in abatement and demurrer thereto.    The plea was as follows:

And now comes, &c., and defends, &c., when, &c., and says; that the writ in the above entitled cause ought to abate, because he says, that the said writ was served on him at Topsham, in said Orange County, on the 23d day of May, 1872, by E. T. Smith, a deputy sheriff, by arresting his, the said defendant's, body, and that James Burns and others became surety for him by indorsing their names on the back of said writ as bail thereon (the writ is referred to and made part of this plea); and that the said defendant required of said E. T. Smith that he should deliver to him, the said defendant, a true and attested copy of said writ, and the said E. T. Smith, said deputy sheriff, who served said writ, gave or delivered said defendant no copy of said writ, nor to any person for said defendant; without this that the said writ has ever been served upon said defendant in any other manner, or at any other time or place, or by any other person, or that the said defendant did not require of said officer who served said writ a copy thereof.

The court, at the June Term, 1872, PECK, J., presiding, sustained the demurrer, and adjudged the plea insufficient, and that defendant answer over; to which the defendant excepted.

At a subsequent term the case was tried on the merits, and verdict for plaintiff.

*R. A. Harvey* and *C. W. Clarke*, for the defendant.

The plea ought to have been sustained.    The writ ran against the body of the defendant.    When the body of the defendant is taken on mesne process in any civil action, the statute says, " it shall be the duty of the officer serving such process to deliver him

a copy of such process if required." Gen. Sts. c. 33, s. 57. The delivery of a copy, *if one is required,* is as much a part of the service, and as essential to complete service, as any other direction of the statute ; and in all cases where service is not completed, the defendant is not in court to be dealt with at all.

*Orin Gambell* and *J. W. Rowell,* for the plaintiff.

The demurrer was rightly sustained. The service of the writ was complete without the delivery of a copy on defendant's request. The delivery of a copy, when required, is no part of the service, but a statutory duty imposed on the officer, for the neglect of which an action might lie.

The traversable allegation of the requirement of a copy is not laid with time and place. If it be said that that allegation has relation to the time and place antecedently alleged, it is answered that there is nothing therein stated to show that the figures, "1872," mean a year of the Christian Era. Com. Dig. tit. Pleader, C. 19, 20 ; *Halsey* v. *Carpenter,* Cro. Jac. 359 ; *Denison* v. *Richardson,* 14 East, 291 ; Co. Litt. 125.

It follows that the plea does not show that the request for a copy was made at a time when the officer could comply therewith ; as, for aught that appears, it may have been made after the writ was returned to court.

The plea is also defective in the allegation that no copy was delivered, *and* being therein erroneously used for *but,* and *or* for *nor.* The word *or* is also erroneously used for *nor* in what is intended for the *absque hoc.* BARRETT, J., in *Morse* v. *Nash,* 30 Vt. 76, 80.

The use of the *absque hoc* is erroneous, that form being allowable only in a special traverse, to cure the argumentativeness of the inducement by the addition of a direct denial. Bac. Abr. tit., Pleas, H ; *Courtney* v. *Phelps,* 1 Sid. 301 ; *Heming* v. *Blacklow,* Cro. Eliz. 30.

The opinion of the court was delivered by

BARRETT, J. The return shows all that was necessary to be done, to constitute effectual service, unless the giving of a copy of

the writ was necessary as part of the service. The law does not require that to be done in the first instance, as in the case of attaching personal property. The service is made of writs against the body by arresting the body and exhibiting the process, and that constitutes full service, so far as either plaintiff or defendant is concerned, for every purpose of such service, unless the defendant requires a copy. The duty of furnishing it on such requirement is wholly a matter between the officer and the defendant; and whether furnished or not, does not affect the right of the plaintiff to prosecute and maintain his suit. The consequence of not giving the copy is prescribed in sec. 23, c. 43, Gen. Sts., making it a condition precedent to the duty, that the party requesting shall pay the lawful fee for it. *McMahan* v. *Edgerton*, 34 Vt. 77. For substance, therefore, the plea cannot be upheld.

It is defective in several respects, under technical rules which are controlling over such pleas, as is obvious on inspection. Prominent is the omission to allege any time of the alleged request for a copy. The *absque hoc* is made to perform an office not designed for it by the law, and in the performance of that office, begets the fault of duplicity, or a double averment of a material fact, viz., that the defendant required of the officer a copy of the writ. Further or more minute criticism would not be useful.

Judgment affirmed.