## WILLIAM W. BARNES *v.* GEORGE TENNEY.

*Process.* Capias. *Gen. Sts. c.* 46, *s.* 22.

The writ in an action under section 22, c. 46, Gen. Sts. to recover possession of premises unlawfully held, may issue as a *capias;* for, although rent be incidentally recovered therein, the action is given for the wrongful holding, and has all the characteristics of an action of ejectment, in which the writ may so issue.

THIS was an action brought before a justice, under section 22, c. 46, Gen. Sts. to recover possession of a certain tenement in Hartford, whereof, as it was alleged, the defendant held possession unlawfully and against the right of the plaintiff. The officer was by the writ directed to attach the goods, chattels, or estate of the defendant, and to notify him thereof, " and, for want thereof", to " take his body and him safely keep ", &c., in the usual form of a writ issued as a *capias.* The officer's return certified only an arrest of the body of the defendant by virtue of the writ and a reading of the writ in the defendant's hearing. The defendant moved to dismiss for that the writ was served by arrest instead of by summons or attachment, as by law required. At the May Term, 1879, the court, BARRETT, J., presiding, overruled the motion, and rendered judgment for the plaintiff for damages and

costs, and for possession of the demanded premises; to which the defendant excepted.

The defendant, *pro se.*

*S. E. Pingree,* for the plaintiff.

The opinion of the court was delivered by

POWERS, J. This case comes here upon the defendant's motion to dismiss the writ for the reason that it was issued and served as a *capias.* The action is predicated upon section 22, c. 46, Gen. Sts., which provides a summary remedy for landlords against their tenants who hold over "without right" after the determination of their lease. Section 23 provides that the writ may issue as a writ of attachment or summons in civil actions before justices of the peace; and, if judgment be rendered for the plaintiff, a later section awards the plaintiff a writ of possession "in the form prescribed by law." It was held in *Hadley* v. *Havens,* 24 Vt. 520, that the action given by this statute lies in those cases where the common-law action of ejectment would lie, and this construction has been followed in later decisions. It is not a proceeding to recover rent, although as an incident such recovery may be had, but is given for the "wrongful holding over" of the demised premises, and thus has all the characteristics of the action of ejectment. It was held in a case in Windham County on the present circuit, *Hart* v. *Jamaica,* that the writ in an action of ejectment might properly issue as a *capias.* The writ of possession given in this case runs against the body. In view of the nature of the remedy, the relief sought, and the language of the statute, we think the writ properly issued as a *capias.*

*Judgment affirmed.*