## ELEANOR SHEERAN v. CALEB M. ROCKWOOD.

MAY TERM, 1894.

*Justice ejectment.*

A certified execution may issue to enforce a judgment for rent recovered in an action of justice ejectment.

Justice ejectment. Plea, the general issue. Trial by court at the September term, 1894, Chittenden county, TAFT, J., presiding. Judgment that the plaintiff is entitled to the seizen and possession of the premises sued for, and that he recover the sum of eighty-two dollars and sixty-two cents rent and costs. The plaintiff moved for a certified execution, which was granted. To the action of the court in this last particular the defendant excepted.

*M. H. Alexander* and *A. V. Spaulding* for the defendant.

The payment of this rent was a matter of contract, and a certified execution cannot be used to enforce the non-performance of a contract. R. L., ss. 1321, 1326; *Hill* v. *Cox*, 54 Vt. 627; *Melendy* v. *Spaulding*, 54 Vt. 517; *Whiting* v. *Dow*, 42 Vt. 262; *Soule* v. *Austin*, 35 Vt. 515; *Pitkin* v. *Burch*, 48 Vt. 521.

*D. J. Foster* for the plaintiff.

START, J. The court below adjudged that the cause of

action arose from the wilful and malicious act and neglect of the defendant, and that he ought to be confined in close jail. The defendant insists that the action is founded on contract, and that the court had no authority to grant a close jail execution.

If the action is one in which a close jail execution could be properly granted, and the evidence tended to show that the cause of action arose from the wilful and malicious act or neglect of the defendant, the finding of the court below, that the cause of action arose from the wilful and malicious act and neglect of the defendant, is conclusive. *Melendy* v. *Spaulding*, 54 Vt. 517; *Robinson* v. *Wilson*, 22 Vt. 35; *Whiting* v. *Dow*, 42 Vt. 262; *Soule* v. *Austin*, 35 Vt. 515. The evidence is not referred to, and the only question we have to determine is whether the cause of action is such that a close jail execution could properly be granted.

The action is founded on the wrongful withholding of the plaintiff's premises by the defendant, and is brought under R. L., s. 1321. It is in the nature of an action of eject-ment, and must be regarded as an action founded on tort. *Barnes* v. *Tenny*, 52 Vt. 557. In actions founded on tort, the court, from a consideration of the facts, may adjudge that the cause of action arose from the wilful and malicious act or neglect of the defendant, and that he ought to be con-fined in close jail. R. L., s. 1502. The lease under which the defendant went into the possession of the premises ter-minated before February 7, 1893, by a breach of the condi-tions thereof by the defendant, and he thereafter continued in possession without right. He thereafter wrongfully with-held the possession of the premises from the plaintiff, and the court has, in effect, found that he wilfully and malicious-ly withheld such possession. The defendant having wilfully and maliciously withheld the possession of the premises from the plaintiff, she was under the necessity of bringing this action; and her cause of action arose from the wilful and

malicious act of the defendant.   It has been repeatedly held in this state, in actions of tort, that a close jail execution may properly be granted, when the defendant has wilfully and maliciously withheld the possession of personal property from the party entitled to it.   There is no reason for a different holding, in actions of tort, when it appears that the defendant has wilfully and maliciously withheld the possession of real estate from the plaintiff.

The statute under which this action is brought does not authorize the bringing of the action for the non-payment of rent alone.   To maintain the action there must have been a holding of the possession of real estate by the defendant without right, after the termination of the lease by its own limitation, or after a breach of a stipulation contained therein; and the recovery in such case is the possession of the premises, and, as an incident to such recovery, rent may be recovered.   R. L., s. 1324; *Barnes* v. *Tenny, supra.*   The judgment below was for the possession of the premises and the rent that accrued while the defendant wilfully and maliciously withheld the possession thereof.   No exception was taken to the entry of this judgment, and the question of whether rent which accrued while the defendant held possession wrongfully and without right can be recovered in this action, is not before us.   The rent for which the court below rendered judgment was rent or damage that accrued to the plaintiff by reason of the defendant's wilfully and maliciously withholding from her the possession of her property, after his right thereto had terminated; and, the court having found that the defendant's act in this respect was wilful and malicious, it properly granted a close jail execution. The lease, in connection with the other evidence in the case, was admissible.

*Judgment affirmed.*

Thompson, J., being engaged in county court, did not sit.