## W. J. ACKERMAN v. GEORGE A. FRENCH.

### May Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 9, 1916.

*Justice Ejectment—Jurisdiction of Municipal Courts—Exceptions—Service of Process.*

Sec. 16, No. 91, the Acts of 1915, which provides that questions of law may be passed from the municipal courts to the Supreme Court except in cases where neither the *ad damnum* in the writ nor the amount claimed in the declaration nor the specifications nor the exhibits exceed $20, is applicable only where some money claim is the basis of the action, and not to actions of justice ejectment, so-called, where the possession of the premises is primarily sought, and rent recovered as an incident only.

An action of justice ejectment, so-called, under P. S. 1870-1876, is for the possession of the premises in question, and the recovery of rent, when had, is merely incidental.

The jurisdiction of a municipal court, under the Municipal Court Act, No. 91, Acts of 1915, in an action of justice ejectment, so-called, does not depend upon the value of the property in question, nor upon the incident of damages.

An action of justice ejectment, so called, under P. S. 1870, sounds in tort, and the writ therein may issue, and be served as a capias.

So far as the right to maintain the suit is concerned, full service of a writ of so-called justice ejectment, issued as a capias, is made where the officer arrests the body of the defendant and exhibits the process, and it is not necessary that the return of the officer should show that the process was read to the defendant.

In the ordinary case of so-called justice ejectment against a lessee holding over, title to land is not involved.

No question is reserved by a general exception to a judgment on unchallenged findings of fact which sustain the judgment.

A question, not raised in the court below, will not be considered in Supreme Court.

ACTION OF justice ejectment, so-called, brought in the Municipal Court for the Windsor Probate District under the Municipal Court Act, No. 91 of the Acts of 1915. The writ was issued and served as a capias. The declaration concluded "to the damage of the plaintiff, as he says, the sum of twenty dollars for the recovery of which, with just costs, and the possession of the premises in question, the plaintiff brings suit."

The defendant appeared specially, by his attorney, and moved to dismiss for want of service, for that the writ was issued and served as a capias, and not as a writ of summons; also for that it did not appear in the officer's return that the officer read the writ to the defendant; and for that the municipal court had no jurisdiction, on the ground that title to land was involved. Motion overruled, and the defendant excepted. The defendant then appeared generally. Trial by the court, *Blanchard,* Judge. Judgment that the plaintiff is entitled to the possession of the premises and to recover rents amounting to $8.75 and his costs. The defendant excepted.

In Supreme Court the plaintiff moved to dismiss the defendant's exceptions, on the ground that neither the *ad damnum* in the writ nor the sum claimed in the declaration and specifications exceeded twenty dollars, as provided by Sec. 16, No. 91, Acts of 1915.

*F. C. Davis* for the defendant.

*F. H. Spaulding* for the plaintiff.

HASELTON, J. This is an action of justice ejectment. See P. S. 1870 to 1876. The action was brought before the Municipal Court of the Windsor Probate District, *Blanchard,* Judge; and the plaintiff had judgment for the possession of the premises and for rents to the amount of $8.75, with costs.

The trial was by the court. The defendant brings a bill of exceptions.

In this Court the plaintiff moves a dismissal on the ground that neither the *ad damnum* in the writ nor the sum in the declaration nor the specifications nor the exhibits of the plaintiff exceed twenty dollars.

The plaintiff relies upon the Municipal Court Act of 1915. No. 91 of the acts of that year. That act provides for a jury

of twelve men in municipal courts, gives such courts jurisdiction, so far as the subject matter is concerned, of civil actions where the debt or other matter in demand does not exceed two hundred dollars, except actions wherein the title to real estate is involved, and gives such courts the same jurisdiction of actions of justice ejectment as justices of the peace have.   Sec. 11.

The act denies an appeal from the judgment of a municipal court, but permits questions of law to be passed to this Court, except in civil cases where neither the *ad damnum* in the writ nor the sum in the declaration nor the specifications nor the exhibits exceed twenty dollars.

It is obvious that this exception is applicable only where some money claim is the gist of the action.   In the action of justice ejectment, so-called, recovery of possession is the main thing and the right to maintain the action is not affected by the value of the premises however great or small.

The action is not for the recovery of rent.   Such recovery when had is merely incidental.   P. S. 1871, 1873.   *Barnes* v. *Tenney,* 52 Vt. 557; *Horan* v. *Thomas,* 60 Vt. 325, 13 Atl. 567; *Sheeran* v. *Rockwood,* 67 Vt. 82, 30 Atl. 689.

Jurisdiction in this form of action does not depend upon the value of the property in question, nor upon the incident of damages (P. S. 1870, *Weston* v. *Haley,* 27 Vt. 283); and no more is the right to exceptions on questions of law, under the act of 1915, dependent upon any money claim.

The plaintiff's motion for a dismissal by this Court is denied.   We have now for consideration the questions presented by the defendant's bill of exceptions.

The writ issued as a capias and was served as a capias.   The defendant appeared specially in the court below and moved that the cause be dismissed on the ground that the writ should have been served as a writ of summons.   The motion was overruled and the defendant excepted.   However, the claim that the writ should have been served as a writ of summons is groundless, for the action sounds in tort.   *Barnes* v. *Tenney,* 52 Vt. 557; *Sheeran* v. *Rockwood,* 67 Vt. 82, 30 Atl. 689.

The defendant also made a preliminary motion that the cause be dismissed on the ground that it did not appear by the return of the officer that he read the writ to the defendant.   This motion was overruled and the defendant excepted.   The ruling was correct, for so far as the right to maintain the suit was con-

cerned arresting the body and exhibiting the process was full service. *McNeice* v. *Weed*, 50 Vt. 728.

The defendant now says that the officer never exhibited the process. But he made no such question below.

The officer made return that by virtue of the writ he arrested the defendant and at his request delivered to him a true and attested copy thereof, and that E. M. Bagley became surety by endorsing his name on the back of the writ as bail.

At the request of the defendant it was found that he paid seventy-five cents for a copy of writ. The defendant, however, does not make it appear, and we do not see what relation this finding has to any exception taken.

The defendant moved the dismissal of the action in the court below on the ground that title to land was involved, and that so the municipal court had no jurisdiction. The motion was overruled and the defendant excepted.

This was an ordinary case of justice ejectment against a lessee holding over, title to land was not involved, and the jurisdiction exercised is expressly given by statute.

It was a part of the motion last considered that there was "no service of the process according to law."

If by this language the defendant meant anything not already pointed out to the court, he did not intimate what it was, and we give the matter of service no further consideration.

After the preliminary motions were disposed of, the defendant appeared generally, the case was heard on its merits, findings were made by the court, and judgment thereon rendered.

The defendant excepted to the judgment of the court, but the findings sustain the judgment, and the defendant did not below, and does not here, point out any insufficiency of the findings to sustain the judgment, neither did he except to any of the findings, nor does he now attack any of the findings.

The exception to the judgment is to be treated as abandoned, at least it is of no avail.

We mention that the defendant's brief closes with the claim that, as there was no oath or affirmation attached to the warrant for the arrest of the defendant, his body was taken without legal authority. The position is not argued but reference is made to article 11 of chapter 1 of our Constitution.

However, as no constitutional question was raised below, we are excused from discussing the proposition that in an action of

tort a capias writ cannot legally issue and be served as such unless an oath or affirmation is attached to the process.

*Motion to dismiss denied and, on consideration of the exceptions, judgment affirmed.*