MARY MEAD HINSMAN ET AL. *v.* MARBLE SAVINGS BANK ET AL.

May Term, 1926.

Present: WATSON, C. J., POWERS, SLACK, BUTLER, and FISH, JJ.

Opinion filed October 16, 1926.

*Landlord and Tenant—Construction of Lease as to Use of Premises—Implied Covenant as to Use—Justice Ejectment—Necessity of One Seeking Statutory Remedy Bringing Case within Statute's Terms—G. L. 2146—Forfeiture—Construction of Re-entry Clause in Lease—Disposition of Cause When Supreme Court Finds Itself without Jurisdiction.*

1. Language of lease, describing premises as "banking rooms" in certain building and as "rooms" and "premises," taken alone, *held* not to be such as to limit use of premises to banking purposes.

2. When lease is silent on subject, lessee has right to put premises to such use as he pleases, not materially different from that in which they are usually employed, to which they are adapted, and for which they were constructed, but subject to implied covenant that lessee will not use premises for purpose that would do violence to limitations stated.

3. Lessors invoking statutory remedy of justice ejectment, provided by G. L. 2146, cannot prevail unless they bring their case within terms of statute.

4. Language of G. L. 2146, giving remedy to lessor when lessee is holding without right "after breach of stipulation contained in the lease," relates to terms of lease as expressed in instrument, and not to those implied by law.

5. Forfeitures are not favored by law, and mere breach of covenant does not work forfeiture, unless it be one that disaffirms or impugns title of lessor and tends to defeat reversion.

6. Where re-entry clause contained in lease is limited to breaches of "stipulations" of this "agreement," implied conditions are excluded.

7. Where Supreme Court finds itself without jurisdiction, it proceeds no further, but dismisses action, whether moved thereto by counsel or not.

ACTION OF JUSTICE EJECTMENT under G. L. 2146.  Plea, not guilty.  Trial by jury in Rutland city court, *G. M. Goddard, City Judge,* presiding.  Verdict directed for plaintiffs and judgment on verdict.  The defendants excepted.  The opinion states the case.  *Action dismissed.*

*Lawrence, Stafford & Bloomer* for defendant Marble Savings Bank and *Charles E. Novak* for defendant Joseph Segale.

*Fenton, Wing & Morse* for the plaintiffs.

POWERS, J.  By an instrument dated January 29, 1908, John A. Mead, now deceased, leased to the Marble Savings Bank a part of the so-called Mead Building in the city of Rutland. This lease ran for a period of twenty years from September 1, 1907.  At some time prior to this suit, the bank vacated the premises and verbally leased the rooms it had occupied to the defendant Segale, who is now in possession running a fruit and vegetable store therein.  On August 4, 1925, the plaintiffs, who have succeeded to the rights of Mead, brought this action in Rutland city court under G. L. 2146 to recover the possession of the leased premises, predicating their claim, not on the mere fact that the bank sublet, but on the claim that it sublet the banking rooms for an unauthorized purpose in violation of an implied condition of the original lease; and also upon the further claim that the defendants had violated the covenant requiring them to use the premises in a "good husband-like manner."  At the trial below, both sides moved for a verdict; the plaintiffs' motion was granted, and the defendant excepted.  It is agreed that in the circumstances it was the duty of the court to construe the lease and to direct such a verdict as its construction required. The lease describes the premises in question as follows:  "Being the banking rooms * * * in the 'Mead Building' * * * the said rooms including the first room or banking room and vault in the rear thereof, and the directors' room in the rear of said front room * * * * together with the closets opening out of said rooms, all as planned by C. E. Paige, the architect of said block." Elsewhere in the lease, the premises covered thereby are spoken of, sometimes as the "banking rooms," at other times as the "rooms," and at still other times as the "premises."  The instrument contains no provision against or regarding subletting,

4

though it clearly recognizes the right to sublet, as it refers to the "lessee, its successors and assigns."

[1]   We cannot agree with the plaintiffs that the language of the lease, taken alone, should be so construed as to limit the use of the premises to banking purposes. Nor can we say as matter of law that the covenant for good husbandry has been broken,—though there may be evidence in the record tending to show it. Nor is this ground of recovery relied upon in the brief.

[2]   It does not follow, however, that the bank was within its legal rights when it sublet the premises for a fruit store. The law of implied covenants is as claimed by the plaintiffs. When, as here, the lease is silent on the subject a lessee has the right to put the premises to such use as he pleases, not materially different from that in which they are usually employed, to which they are adapted, and for which they were constructed. Jones, L. & T. § 382. But every such lease contains an implied covenant that the lessee will not use the premises for a purpose that would do violence to the limitations stated. *Kahn* v. *Wilhelm,* 118 Ark. 239, 177 S. W. 403; *Nave* v. *Berry,* 22 Ala. 382; *McCraig* v. *Lalande,* 23 Ont. L. 312, 21 Ann. Cas. 893, and note.

[3-6]   But the plaintiffs have invoked a statutory remedy, and unless they have brought their case within the terms of the statute, they cannot prevail. G. L. 2146 gives a remedy only when a lessee is holding without right after the expiration of the lease, or "after breach of a stipulation contained in the lease." This language obviously relates to the terms of the lease as expressed in the instrument, and not to those implied by the law. This construction of the statute makes the law consistent. Forfeitures are not favored by the law, and the mere breach of a covenant does not work a forfeiture (*Powell* v. *Merrill,* 92 Vt. 124, 127, 103 Atl. 259), unless it be one that disaffirms or impugns the title of the lessor and tends to defeat the reversion. *Hadley* v. *Havens,* 24 Vt. 520, 523. Nothing of the kind has been done here. Nor do the plaintiffs gain anything from the re-entry clause contained in the lease; this, too, is limited to breaches of the "stipulations" of this "agreement," which excludes implied conditions.

[7]   The court below, then, was without jurisdiction of the case presented to it, and we are equally without jurisdiction of the subject-matter. When this Court finds itself without juris-

diction it proceeds no further, but dismisses the action, whether moved thereto by counsel or not.  *Fillmore, Admr.* v. *Morgan's Estate,* 93 Vt. 491, 493, 108 Atl. 840.

*Action dismissed with costs to defendants.*