MARY MEAD HINSMAN *v.* MARBLE SAVINGS BANK.

May Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed November 4, 1931.

*Lawrence, Stafford & O'Brien* for the defendant.

*Fenton, Wing, Morse & Jeffords* for the plaintiff.

POWERS, C. J. When this case was last before us, it was remanded for the express purpose of affording the plaintiff an opportunity to show that there had been a re-entry for a breach of the covenant for using the premises in a good, husband-like manner. Pursuant to this mandate, a rehearing was had, supplementary findings were made, judgment was rendered for the

plaintiff, and the case comes back to us on the defendant's exceptions.

It is now shown by the record that the justice ejectment suit was predicated upon three grounds, one of which was that the defendant had breached the covenant requiring it to use the premises in a good, husband-like manner; and that a breach of this covenant was insisted upon throughout the trial of that case. The finding is excepted to on the ground that it is unsupported by evidence. But this exception is without merit, for there was evidence at the hearing, practically undisputed, showing that at the opening of the trial of the ejectment case, counsel for the plaintiff in a statement to the jury specified as one of the grounds of the suit a breach of this good husbandry covenant in the lease. That counsel for the defense understood that this was made an issue appears from their opening statements, in one of which reference was made to it by a claim that nothing had been done by Segale, the fruit man, "that could be considered in any way but good and husband-like." Then, too, evidence bearing upon that issue, but otherwise irrelevant, was introduced. And, finally, at the close of the plaintiff's evidence, when the defendant insisted that the plaintiff should specify the grounds on which she relied, her counsel again made it plain that a violation of this covenant was one of such grounds.

But, as shown by our former opinions in this case, a breach of covenant, standing alone, does not work a forfeiture. That results from the act of the lessor. A re-entry or its equivalent terminates the lease. As all agree, a common-law action of ejectment amounts to a re-entry. Whether the institution of a statutory action for the possession so results was left undecided when the case was last here; but as was then indicated, it is so established by the weight of authority, and we now so hold. When it is borne in mind that all that the law requires is some act unequivocally manifesting the lessor's intention to claim the forfeiture and his election to terminate the lease, it seems too plain for argument that the institution of a statutory action for the possession is enough.

Nor is it the favorable result of such an action that works the forfeiture. It is the unequivocal act of bringing a suit that necessarily implies the termination of the lease that manifests the lessor's choice and works that result. He may invoke a remedy that does exist, or his suit may fail for lack

of recognizance in the writ or other formal defect, yet if it is one that necessarily depends upon a termination of the lease, it is in law the equivalent of a re-entry. It sufficiently signifies his election to terminate the lease, and that is all that is required.

Having once made his election, the lessor is bound by it, and he cannot recall or reverse it without the assent of the lessee. In the case in hand, the lessee has all along treated the lease as in effect by regularly sending the rent checks to the plaintiff, so its consent to a revocation of the lessor's election is established. It remains to consider whether or not the plaintiff has by her conduct or otherwise precluded herself from availing herself of her election.

It is urged by the defendants that the plaintiff waived the benefit of her election by her attitude in this Court when the case was first here. And our attention is called to our statement that the good husbandry provision was not relied upon, *Hinsman* v. *Marble Savings Bank,* 100 Vt. 48, 50, 134 Atl. 635, and to our justification of that statement when the case was last here, *Hinsman* v. *Marble Savings Bank,* 102 Vt. 217, 223, 147 Atl. 270. The plaintiff insists that we misunderstood her position, and that our statements were in fact unwarranted. However this may be, we find nothing in our interpretation of the records then before us to warrant the conclusion that the plaintiff waived the advantage that her suit gave her, or did or said anything to preclude her now from asserting the forfeiture or availing herself of such remedies as her election gave rise to. It is apparent that she was speaking for the moment and not for all time. Her attitude bound her so far as that hearing was concerned, but not beyond that. We so understood it when we disposed of the case when it was last here. Otherwise, we would not have remanded the case that she might have the opportunity to present a point that "has not been passed upon"—the re-entry for a breach of the good husbandry covenant.

Nor is there anything in either of our former opinions that is contrary to the result here reached. It is true we said that the ejectment suit was not a re-entry for the breach of the express (good husbandry) covenant. But this was so because the record did not so show. We could not so construe the record then before us, and we sent the case back for the very purpose

44

of having it speak the truth on this subject. The record now before us justifies our action which was taken to avoid an injustice that might result from a final disposition of the case.

*Judgment affirmed.*