Vermont Superior Court
Filed 12/10/24
Rutland Unit

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03073

| Barbara Giancola v. William Boyd |
| --- |

# ENTRY REGARDING MOTION

Title:        Motion to Dismiss  (Motion: 2)
Filer:        Rebecca Elizabeth Smith
Filed Date:   October 09, 2024

This is an ejectment action brought by Plaintiff Barbara Giancola against Defendant William Boyd for nonpayment of rent.  On October 9, 2024, Defendant filed a motion to dismiss arguing the tenancy was not properly terminated because the notice of termination did not contain language compliant with the Vermont Consumer Protection Act.  Plaintiff filed a response on October 31, 2024 and Defendant filed a reply on November 14, 2024.

## Standard of Review

Defendant has moved to dismiss this action pursuant to V.R.C.P. 12(b)(1) and 12(b)(6).  In determining a 12(b)(1) motion, "all uncontroverted factual allegations of the complaint [are] accepted as true and construed in the light most favorable to the nonmoving party." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997).  Such motions shall not be granted "unless it appears beyond doubt that there exists no facts or circumstances that would entitle the plaintiff to relief." *Murray v. City of Burlington,* 2012 VT 11, ¶ 2.  The same standard applies to motions under V.R.C.P. 12(b)(6).  *Id.*  In accepting factual allegations as true, courts are "not required to accept as true conclusory allegations or legal conclusions masquerading as factual conclusions." *Colby v. Umbrella, Inc.,* 2008 VT 20, ¶ 10.

## Factual Allegations

Plaintiff owns real property located at 157 Granger Street in Rutland, Vermont.  Defendant entered into two written lease agreements to rent 157 Granger Street, Rutland, Vermont.  Defendant's monthly rent is $1,071 per month, due the first of the month.  Defendant breached his lease agreement by failing to pay his monthly rent.  On May 11, 2024, Defendant was served with a notice of termination.  The notice of termination states the following:

### NOTICE OF TERMINATION OF TENANCY

Please be advised that the undersigned hereby NOTIFY you that your tenancy will legally terminated on July 1, 2024 as a result of your **NON-PAYMENT OF**

**RENT** for the months of February, March, April, May, June, July, August, September, October, November, December 2023~ January, February, March, April, and May 2024 For a Total Amount Due of $ **16,123.00.**

Pursuant to Title 9 Vermont Statues Annotated; Section 4467 (a) the landlord may terminate tenancy for nonpayment of monies by giving notice to the tenant at least 14 days prior to the termination date specified in the notice.

Also, pursuant to Title 9 Vermont Statutes Annotated, Section 4467(a), you as a tenant are NOTIFIED that you can stop the termination of the rental agreement, (your tenancy) "if the tenant pays or tenders rent due through the end of the rental period in which payment is made or tendered". The **full amount of the past due** rent is required to be paid by the termination date listed above to stop your rental agreement from terminating. **If you tender (pay) the full amount of the past due rent owing by the termination date, your tenancy will not be terminated.**

Comp. Ex. C. The Defendant retained possession past July 1, 2024 and has not redeemed his tenancy by paying the full amount of past rent due. This action was commenced on August 7, 2024.

<u>Analysis</u>

The Court starts with the premise that "[m]otions to dismiss for failure to state a claim are disfavored and are rarely granted." *Colby v. Umbrella, Inc.,* 2008 VT 20, ¶ 5. Ejectment proceedings are governed by Title 12, Chapter 169 of the Vermont Statutes Annotated. In order to terminate a tenancy, a landlord must provide written notice to the tenant. 9 V.S.A. §§ 4451(a) and 4467(a). The date of termination shall be at least 14 days after actual notice is provided to the tenant. 9 V.S.A. § 4467(a).

When a landlord seeks to evict a tenant, Vermont law requires strict compliance with notice requirements. *Vermont Small Business Development Corp. v. Fifth Son Corp.,* 2013 VT 7, ¶ 15 ("With respect to the termination of residential leases, we have followed the trend in other jurisdictions to require punctilious compliance with all statutory eviction procedures, including notice requirements.") (citations and quotations omitted). When a landlord fails to strictly comply with notice requirements, they are not entitled to evict the tenant. *Id.; Andrus v. Dunbar,* 2005 VT 48, ¶ 15. Defendant argues that in order for a notice of termination to be valid, it must comply with the requirements of the Vermont Consumer Protection Act (VCPA).

The purpose of the VCPA is "to protect this state's citizens from unfair and deceptive business practices and to encourage a commercial environment highlighted by integrity and fairness." *RSD Leasing, Inc. v. Navistar International Corporation,* 2024 VT 33, ¶ 6 (quoting *Gramatan Home Invs. Corp. v. Starling,* 143 Vt. 527, 536 (1983)). The VCPA "applies to residential landlord-tenant transactions." *Terry v. O'Brien,* 2015 VT 132, ¶ 27. The Attorney General is authorized under the VCPA to adopt rules relating to unfair or deceptive acts or practices in commerce. 9 V.S.A. § 2453(c). "Violation of a rule adopted by the Attorney General is prima facie proof of the commission of an unfair or deceptive act in commerce." 9 V.S.A. § 2453(d). The VCPA allows a consumer who has been damaged or injured as a result of a violation of the Attorney General's rules adopted under § 2453 to "sue for appropriate equitable relief and may sue and recover … the

amount of his or her damages, or the consideration or the value of the consideration given by the consumer, reasonable attorney's fees, and exemplary damages not exceeding three times the value of the consideration given by the consumer." 9 V.S.A. § 2461(b).

The Vermont Attorney General has adopted Consumer Protection Rules pursuant to 9 V.S.A. § 2453(c). Rule 104.04, Deceptive Representations, states that unfair and deceptive acts under § 2453(a) include:

> The failure to clearly disclose in all written communications made to the debtor or to members of the debtor's family in order to collect or attempt to collect a claim or to obtain information about a debtor that the debt collector is attempting to collect a claim and any information obtained will be used for that purpose.

C.P. 104.04(b). Defendant argues that the notice of termination is an attempt by the Plaintiff to collect a debt, thus subject to Rule 104.04(b). The court disagrees. "When construing an administrative rule or regulation, we use the same rules that we use in construing a statute. In so doing, the primary rule is to give language its plain, ordinary meaning." *Slocum v. Department of Social Welfare,* 154 Vt. 474, 478 (1990) (citations omitted). The plain language of Rule 104.04 makes clear it applies only to written communications made "in order to collect or attempt to collect a claim." CP 104.04(b). The Rule does not apply to communications between a creditor and debtor that are not made for the purpose of collecting or attempting to collect a debt.

The purpose of a notice of termination is to give notice to a tenant that their tenancy is being terminated. The Vermont Supreme Court made clear that "[t]he ejectment statute allows an action for possession where the former lessee 'holds possession of the demised premises without right, after the termination of the lease.'" *Andrus v. Dunbar,* 2005 VT 48, ¶ 10 (quoting 12 V.S.A. § 4851). The action "sounds in tort," and "provides a summary remedy for a landlord whose tenant holds over without right after the determination of the lease." *Sabourin v. Woish,* 116 Vt. 385, 387 (1950) (citing *Barnes v. Tenney,* 52 Vt. 557, 558 (1880) ("[T]he writ in an action of ejectment . . . runs against the body.")). In order to properly terminate a tenancy, courts "have been insistent upon the landlord's punctilious compliance with all statutory eviction procedures, including notice provisions." *In re Soon Kwon,* 2011 VT 26, ¶ 14 (citations and quotations omitted). This includes language in a notice of termination that an eviction due to nonpayment of rent may be cured "if the tenant pays or tenders rent due through the end of the rental period in which payment is made or tendered." 9 V.S.A. § 4467(a). The landlord's requirement to include the redemption language is not an attempt to collect a debt, but rather a statutorily required element of a valid notice of termination. As such, Rule 104.04(b) does not apply to a notice of termination.

For the forgoing reasons, the court concludes Plaintiff's notice of termination was valid. The motion to dismiss is therefore DENIED.

Electronically signed on December 9, 2024 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge