METHODIST EPISCOPAL SOCIETY OF SHELBURNE *v.*
ELIJAH LAKE.

*Corporation.  Sts.* 1797 *and* 1814 *Relating to the Support of the
Gospel.  Parties to Contract.*

In assumpsit by a church society on a subscription to the fund for building a church edifice, the plea was that there was "no such person or corporation" as the society described.  There was evidence tending to show that the society had been organized under the name given for more than forty-five years; that during that time its officers had been elected and its business regulated under the same rules; that it had had records, built two churches, and that its object was the spread of the Gospel.  *Held,* that the evidence tended to show that plaintiff had done what was necessary under the Sts. of 1797 and 1814, relating to the support of the Gospel, to give it corporate existence.

Question was made under the general issue as to whether the alleged promise was made to plaintiff, defendant contending that the agreement was among subscribers.  It appeared that defendant was applied to for the subscription by M., one of the building committee of the society, and orally promised to pay a certain sum towards the building of the church edifice.  The court charged that although the promise was not in terms to pay any particular person or body of persons, yet, if it was for the payment of money to build a church, and M. was soliciting money for that purpose, it would be fair to presume that the parties understood that it was to be paid to the society; that the jury must look at the object of the promise; that the promise so made was to pay to the party that was proceeding to build the church; and that to recover, plaintiff must prove that the promise was made as claimed.  *Held,* no error.

GENERAL ASSUMPSIT.  Pleas, general issue, and that there
was no such person or corporation as the Methodist Episcopal
Society of Shelburne.  Trial by jury, April Term, 1877, PIER-
POINT, C. J., presiding.

The specification of claim was of an unpaid balance of $200
and interest, of a sum of $300 that the defendant had orally promised to pay towards the building of a church edifice at Shelburne
village, for the Methodist Episcopal Church at that place, which
was a branch of the Methodist Episcopal Church of the United
States and belonged to the Troy Conference.  It appeared that
the defendant, who was and for many years had been, a member of
that church, was applied to by Ezra Meech, one of its building

45

committee, for a subscription ; and that the defendant declined to sign the list, but orally promised to pay $300 on certain conditions.

To prove its corporate existence, the plaintiff introduced testimony tending to show that the plaintiff had been organized under the name of the Methodist Episcopal Society, or Church, of Shelburne, for more than forty-five years ; that during all that time the officers of the society had been elected and its business regulated under the same rules ; that it had once had records, which had been searched for, but which had been lost or destroyed by fire ; that during that time it had built two churches ; and that the object of the society was the spread of the gospel.

The plaintiff also introduced, subject to objection, certain records called the records of the building committee, giving a history in detail of the building project, and also sundry subscription papers signed by certain persons, and claimed that the defendant, though he did not sign, became bound the same as though he had signed, except so far as his obligation was modified by the condition attached to his promise.

As to the condition of the promise, the evidence on the part of the defendant was, that he promised to pay $300 if the house should be a free house, with seats free to all, and neither sold nor rented, and that that was agreed on. The evidence on the part of the plaintiff differed from that only in that it tended to show that the defendant did not stipulate that seats should not be rented, but on the contrary consented thereto, considering a mere renting from year to year without ownership consistent with the stipulation that the house should be free.

The plaintiff's evidence further tended to prove that the plaintiff, relying in part on the defendant's promise, built the church, and when it was completed dedicated it, and conveyed it to the stewards in trust for the use of the ministry and membership of the Methodist Episcopal Church of the United States, according to the form prescribed by the book of discipline ; that in one week thereafter the seats were rented for a year, parties renting the same taking thereby an exclusive right of occupancy for that time ; and that the defendant having paid $100, refused to

pay the remainder, insisting that the condition of his promise had been broken.

The defendant requested the court to charge that he was entitled to a verdict for that there was no evidence of any act of incorporation nor of organization under the laws of the State; that there was no evidence of the corporate existence of the plaintiff by prescription nor presumption—no evidence of any corporate act done by the plaintiff or any acts other than such as might as well have been done by an association not incorporate, so that it could not be inferred that any supposed lost or destroyed early records, if produced or proved, would show a corporate organization, and so that the jury would not be warranted in finding that the plaintiff ever was such an organization; that the plaintiff was not, as existing under the discipline of the Methodist Episcopal Church, a corporation; and that if the name of the corporation, if a corporation, was the Methodist Episcopal *Church* of Shelburne, no recovery could be had in the name of the Methodist Episcopal *Society* of Shelburne.

The defendant also requested the court to charge that the evidence did not show that any contract was ever entered into between the defendant and the plaintiff; that the defendant's promise was not made to the plaintiff; that from the subscription papers and records and other evidence it appeared that the engagement was among the subscribers, for whom the church was to be built; that if any one expended money in reliance on the defendant's promise, it was the building committee; and that the terms of the contract were violated by the conveyance of the church to the stewards. The court refused so to charge, but charged in substance that in order to recover, the plaintiff must prove its corporate existence; that a charter or articles subscribed were not indispensable to that end, but that the incorporation could be proved otherwise, as, by corporate acts, acts consistent with its being a corporation, such as it would have done if it had been a corporation; that if the several acts in evidence were such as would have been done by an association not incorporated, and were equally consistent with that position, that would materially weaken the evidence tending to show that the plaintiff was incorporated;

that the question was one of fact for the jury; that the fact that the plaintiff had proceeded as it had, was evidence to prove that it had been incorporated; and that as bearing upon that question, the jury might consider the fact that search was made for early records, and that none were found, as accounting for the fact that none were produced. As to the name of the plaintiff the court charged that if there was an organization that had been kept up for many years that had been commonly spoken of sometimes as society and sometimes as church, those appellations being treated as synonymous, then a suit in either name could be sustained. The court also charged that although the promise was not in terms to pay any particular person or body of persons, yet if the promise was for the payment of money to build a church, and Meech was soliciting money for that purpose, it would be fair to presume that both parties understood that it was to be paid to the society; that the jury must look at the object, purpose, and intent of the promise, the object Meech had in seeking it, and the object the defendant had in making it; and that the promise so made was to pay to the party that was proceeding to build the church. The court also charged that the plaintiff, to recover, must establish its existence, and the fact that the promise was made as it claimed, and that the burden of proving that the promise was as the defendant claimed, was on him.

To the refusal to charge as requested, and to the charge given on those points, the defendant excepted.

*Daniel Roberts* and *A. V. Spaulding*, for the defendant.

The plaintiff was not a corporation by prescription proper. The corporate existence of the Church of England has been recognized in the United States. Angell & Ames Corp. 56. But not so that of the Methodist Episcopal Church.

The name *society* does not import corporation. *State* v. *Mead*, 27 Vt. 722.

The plaintiff was not shown by presumptive evidence to be a corporation. If corporate existence could be proved by acts, those acts must be corporate acts; but of acts distinctively corporate, the society never performed one. It had no seal, no articles of

association, no by-laws, had never sued nor been sued. The doing of what an unincorporated society could as well have done, was no evidence of corporate existence. The charge in regard thereto was therefore erroneous. The burden was on the plaintiff. Where the same evidence tends equally and indifferently to prove the issue for either party, it cannot be said that there is any evidence for the plaintiff. Angell & Ames Corp. 58; *Green* v. *Dennis*, 6 Conn. 302.

*Henry Ballard* and *Seneca Haselton*, for the plaintiff.

It was not necessary to show any special act of incorporation, nor an organization under any general law. It was sufficient to show the existence of the plaintiff by prescription or presumption. Angell & Ames Corp. s. 70; *Middlesex Husbandmen* v. *Davis*, 3 Met. 137; *Searsburgh Turnpike Co.* v. *Cutler*, 6 Vt. 315, 323; *Dillingham* v. *Snow*, 5 Mass. 546. The only things necessary to be shown, to establish the existence of a corporation by prescription or presumption are, the existence of a charter or some law under which a corporation with the powers assumed might lawfully be created, and a user of the rights thereby conferred. *Methodist Episcopal Union Church* v. *Pickett*, 19 N. Y. 485; *Searsburgh Turnpike Co.* v. *Cutler*, *supra*. Here we have both the law — statutes of 1797 and 1814, Slades Sts. 602 — and the user.

The plaintiff claimed no corporate existence by reason of being a branch of the general church and subject to its discipline. The request to charge on that point was therefore properly denied.

The refusal to charge as requested as to the right to recover under the name of *society*, and the charge upon that point, were correct. *Minot* v. *Curtis*, 7 Mass. 441; *Stanton* v. *Proprietors of Haverhill Bridge*, 47 Vt. 172; *Rogers* v. *Danby Universalist Society*, 19 Vt. 187; *Methodist Episcopal Union Church* v. *Pickett*, 19 N. Y. 485.

The refusal to charge on other points, and the charge given thereon, were correct.

The opinion of the court was delivered by

ROYCE, J. This was an action of assumpsit upon the common counts, with a specification of claim, and was tried upon the gen-

eral issue, and an issue formed upon a special plea in bar that there was no such person or corporation in existence as the plaintiff. The first exception taken was to the refusal of the court to hold as matter of law, that there was no competent evidence in the case tending to prove the issue formed under the special plea that would justify the jury in finding that issue in favor of the plaintiff.

In passing upon the question made by that exception it is necessary to examine the character of the evidence that had been introduced by the plaintiff bearing upon that question. First, the evidence tended to show that the plaintiff had been organized by the name of the Methodist Episcopal Society of Shelburne for more than forty-five years, that officers had been elected and business regulated by the same rules during all that time, and that the object of the society was the spread of the gospel, and that during that time they had built two churches; second, that they once had records, which had been lost or destroyed.

It was enacted by a statute passed in 1814, that where any number of persons in any town or parish in this State shall voluntarily associate according to the first section of the act of October 1, 1797—which act provided for hiring a minister, and erecting a house or houses for public worship—they shall be and are hereby constituted a body corporate and politic for all the purposes contemplated in said section. It was under that law that the plaintiff claimed a corporate existence. The evidence before referred to had a tendency-to show that the plaintiff had done all that was required, to constitute them a corporation under that law; and it would have been error for the court to have refused to submit the evidence to the jury; and the instructions given to the jury as to the use to be made of the evidence and the weight to be given to it, were such as the law required.

A further question was made under the general issue as to whom the alleged promise. of the defendant was made. The instructions of the court to the jury as to the use and application of the evidence bearing upon that question, were correct; and the charge of the court that, to entitle the plaintiffs to recover, the jury,

must find that the promise made to them, was all the defendant had a right to demand.

We are gratified in this case in being able to find satisfactory reasons for sustaining the judgment, and thus compelling the defendant to discharge the obligation which the record shows he entered into.                                                   *Judgment affirmed.*