CONGREGATIONAL CHURCH OF CHESTER, ET AL. v. CHESTINA
CUTLER.

October Term, 1903.

Present: ROWELL, C. J., TYLER, MUNSON, START, and WATSON, JJ.

Opinion filed April 1, 1904.

*Wills—Conditional Bequests—Condition Subsequent—Church
—Incorporation—Demurrer in Answer—Waiver—Evidence—Harmless Error.*

A demurrer for want of equity, incorporated in the answer to an
amended bill, is waived unless brought on to hearing before the
case is heard on its merits.

When, after probate of a will giving certain money to a church upon
condition, the church applies to the Probate Court for an order
directing the fund to be paid to the church, and thereupon the
court orders that a trustee be appointed to hold and manage the
fund for the church, this is not a conclusive determination that
the church is not entitled to the fund.

A church which was within the scope and intent of a statute passed
in 1814, providing that any number of persons before then voluntarily associated for the maintenance of religious worship under a
statute passed in 1797, should be a body corporate and have all the
powers incident to corporations, is a valid corporation, though it
subsequently made an ineffectual attempt to incorporate under a
later statute.

A condition annexed to a bequest to a church, that its officers, or a
committee of the church chosen for that purpose, should annually
visit the grave of the testatrix and give it such care and attention as she would under like circumstances, is a condition subsequent.

When a condition is annexed to a bequest to a church, and a bill
brought by the church to construe the bequest alleges, and the
answer denies, an intention on the part of the orator to comply
with the condition, it is not error for the master to allow the
officers of the church to state what their intention has been and is,
in respect of complying with said condition.

When a bequest to a church is not conditioned upon a vote of acceptance, proof of such a vote by the society is harmless.

APPEAL IN CHANCERY.  Heard on bill, answer, master's report and exceptions thereto, at the December Term, 1901, Windsor County, *Stafford,* Chancellor.  Decree for the orators.  The defendant appealed.

The defendant, Chestina Cutler, is administratrix, with the will annexed, of the estate of Sarah L. Cutler, is sister of the testatrix and her residuary legatee under said will.

The orator, Atwood Sargent, is the trustee appointed by the Probate Court in 1894 to hold and manage the legacy for the benefit of the church.  He accepted the trust and the fund was paid over to him.

The bill alleges that the church has performed the condition annexed to said bequest, "if they correctly apprehend the meaning of said condition; but the same is uncertain and ambiguous and said beneficiary is willing and anxious to comply with said condition when its true intent can be ascertained and declared"; that said Chestina Cutler has hindered and annoyed the church and its officers in various ways in respect of performing said condition, and that she "is endeavoring to secure a forfeiture of said trust against equity and good conscience"; and prays for the construction of said will and the direction of the court so that it may be able to give the grave of said testatrix such care as she would give under like circumstances, and that the said Chestina be prohibited from vexing the orator with any further suits for obtaining a forfeiture of said trust until the true meaning and intent of said testatrix in her will has been declared by this court; and that said Chestina Cutler be enjoined from prosecuting further her appeal from the judgment and decree of the Probate Court now pending in Windsor County Court.

The master found that the orator, the Congregational Church of Chester, is the legatee to which the bequest in question was made; that in 1894 application was made to the Probate Court for the district of Windsor for an order upon the defendant as administratrix to pay over to the Congregational Church of Chester the one thousand dollars bequeathed to it in said will of Sarah Cutler; that said court upon hearing held that a trustee should be appointed to hold and manage said fund, and appointed the orator, Atwood Sargent, such trustee; that Mr. Sargent at once invested the money and has collected the interest on the investment and expended it annually in strict compliance with the terms and conditions of said will; that while the defendant held the fund no interest or income was paid on the bequest under the will; that on July 14, 1897, the defendant presented her petition to said Probate Court praying that said trustee render his account of said trust, and pay over to the defendant, as residuary legatee under the will, said sum of $1,000 with interest thereon during the time it has been in his hands; that after several hearings and adjournments the court made an order from which the petitioner therein, the defendant in this suit, appealed to the Windsor County Court, where said cause is still pending; that in May, 1900, the Congregational Church of Chester made petition to said Probate Court to have the trustee discharged and said legacy paid over to the church to be held as provided in said will; that in June, 1900, said Atwood Sargent resigned as trustee, and filed his account in said court; that afterwards said account was allowed, said resignation accepted, and the Congregational Church of Chester appointed trustee of said fund; that from these orders Chestina Cutler appealed and said appeal is still pending in Windsor County Court; that the officers of the church have visited the grave more frequently than the will requires, and have in good faith

given it such care and attention as they understand was required. The decree appealed from was, among other things, "The clause in question is construed to mean that this lot should receive the care and attention customarily given such lots in the same cemetery, including, besides the annual visit specified, the keeping the grass mown, the grave occasionally decorated with flowers and the stone' work clean and well set.

It is considered that the question now pending in the County Court upon the defendant's appeal from the Probate Court touching the custody of the fund, whether a trustee should be appointed or the church itself administer the trust, is a question properly to be determined in that. proceeding."

*W. W. Stickney, J. G. Sargent, Homer L. Skeels* and *George L. Fletcher* for the orators.

It is sufficient to show corporative existence by prescription or presumption. *Searsburg Turnpike Co.* v. *Cutler,* 6 Vt. 315; *Bank of Manchester* v. *Allen,* 11 Vt. 302; *Sherwin* v. *Bugbee,* 16 Vt. 439; *Londonderry* v. *Andover,* 28 Vt. 424; *Society of Middlesex* v. *Davis,* 3 Met. 133; *Methodist Episcopal Society* v. *Lake,* 51 Vt. 353; *Methodist Episcopal Union Church* v. *Pickett,* 19 N. Y. 485.

A demurrer incorporated in an answer must be heard before trial, or it is waived. *State* v. *Massey,* 72 Vt. 214.

*Gilbert A. Davis* for the defendant.

The non-performance of a condition subsequent will defeat the title to what is claimed under such condition. *Archerly* v. *Vernon,* Comyn's Rep. 513; *Beauben* v. *Cardigan,* Ambler's Rep. 533; *Chauncey* v. *Graydon,* 2 Aik. 619; *Fry* v. *Porter,* 1 Mod. 314; *Burgess* v. *Robinson,* 3 Meriv. 9; *Philips* v. *Bury,* Show P. C. 50; *Bertie* v. *Lord Falkland,* 2 Trienan 221; *Lady Ann Fry's Case,* 1 Ventr. 200.

The Probate Court has ample authority to decree this fund to the church, if it is entitled thereto. *School Dist.* v. *Sheldon*, 71 Vt. 95; *Mitchell* v. *Blanchard*, 72 Vt. 85.

If an estate is given on condition, the performance must be within a reasonable time. 2 Jarman on Wills, 513; *Carter* v. *Carter*, 14 Pick. 424; *Ross* v. *Tremaine*, 2 Metc. 495; *Drew* v. *Wakefield*, 54 Me. 291, 8 U. S. Dig. 694; *Ward* v. *Patterson*, 46 Penn. (10 Wright) 372; *In Re Hodge's Legacy*, 16 Law Rep. Eq. 92.

When a bequest becomes ineffectual for any cause, the residuary legatee takes the property. *Drew* v. *Wakefield*, 54 Me. 296, 14 U. S. Dig. 343; *Vick* v. *McDaniel*, 4 Miss. (3 Howard) 337; *Taylor* v. *Lucas*, 4 Hawks (N. C.) 215.

MUNSON, J. The bequest of Sarah L. Cutler to the orator, the Congregational Church of Chester, was on the following condition: "That the officers of said church, or a committee of said church chosen for that purpose, shall annually visit my grave, and give it such care and attention as I would give under like circumstances." The bill prays, among other things, for such direction of the Court of Chancery as will enable the orator properly to perform this condition.

The defendant insists that the Probate Court has power to construe the will, and that the bill should be dismissed for this reason. The action taken below precludes the raising of this question. A demurrer was incorporated in the answer to the amended bill, but this was not brought forward for hearing, and was treated as waived.

The corporate existence of the orator is denied. The master reports that this church has records, more or less perfect, covering a period of one hundred and twenty-eight years, but that the first articles of association contained therein were

adopted in 1859. The statute then in force required that the first meeting be notified, organized and held in the manner prescribed in the articles of association. Comp. Stat. ch. 85, § 6. The articles of 1859 contain no provision regarding the notification of the first meeting, and this omission left the action then taken without a statutory basis. So we proceed to inquire as to the previous status of the organization.

By a statute passed in 1797, and continuously in force until after 1824, it was provided in substance that any number of persons might associate for the purpose of hiring a minister and erecting a house of worship, and might make contracts, and purchase, hold and transfer property for the benefit of the association. By an act passed in 1814, it was further provided that persons voluntarily associating under the act of 1797 should be a body corporate and politic for the purposes contemplated in that act, and have all the powers incident to corporations. We have then a statute authorizing persons to associate for the maintenance of religious worship, and a later statute making the persons thus associated corporations with the powers incident thereto. It sufficiently appears from the master's findings that the plaintiff organization has been in existence and supporting public worship from a time prior to 1814, and it is to be presumed that the organization has been maintained since 1814 under the statute of that date. Nothing more is required to establish its corporate existence. *Methodist Episcopal Society* v. *Lake,* 51 Vt. 353. That existence was not lost by the attempt to organize under the later statute.

In 1894 the church applied to the Probate Court for an order upon the defendant as administratrix to pay to the church the amount of this legacy, but the court held that a trustee should be appointed to hold and manage the fund for the church, and appointed as such trustee the orator Sargent.

The fund was then paid to the trustee, and he held it and paid over the avails to the church until 1900, when he resigned and the church itself was appointed trustee. The defendant appealed from the order making this appointment, and the appeal is still pending. We find nothing in this to support the defendant's contention that the decree of 1894 was a conclusive determination that the church is not entitled to this fund. The trustee was appointed upon the theory that the church was entitled to it, and the question raised by the subsequent appointment of the church to hold and administer it, is saved by the decree below for determination in the probate appeal.

The answer and the argument proceed upon the theory that the condition upon which the legacy was given is a condition precedent, and that the orator has not yet obtained, and is not now entitled to receive, the legacy. The provision, if it be treated as a condition, is clearly a condition subsequent; and if the question of forfeiture can be raised upon the pleadings, the claim cannot be sustained upon the findings of the master.

It was not error to permit the officials of the church to state what their intention had been and was as regards the care of the grave. The bill alleges, and the answer denies, an intention on the part of the orator to comply fully with the conditions of the bequest.

The defendant objected to the offer of a book of church records on the ground that it was not sufficiently authenticated. The facts reported regarding the custody and recognition of the book were sufficient to justify its admission.

The report says that the records of the society meetings were received subject to the defendant's objection and exception "so far as they are hereinafter referred to." The only further reference is to the record of a meeting in which it was voted to accept this bequest, and this record was specially

objected to for that the bequest was to the church and not to the society. It is not necessary to the determination of this question that we consider the findings of the master in regard to the relations of the church and the society. The bequest was not conditioned upon there being any vote of acceptance by the legatee, and proof of such a vote by the society was immaterial and harmless. The only requirement is that the officials or a committee of the church visit and care for the grave, and the report shows that all done in this respect has been done by the officials of the church.

*Decree affirmed and cause remanded.*