WILLIAM H. ISAACS *v.* EDMUND CLARK.

Matter of estoppel must, in order to be conclusive, be pleaded in cases where it can be.   But if it cannot be pleaded, it may be given in evidence, and, in such case, it will be conclusive and have the effect of an estoppel on the rights of the parties.

ASSUMPSIT, for use and occupation of lands in Eden. Plea, general issue, and trial by the jury.

On the trial in the county court, it was admitted that the defendant took the premises of the plaintiff, some years since, and continued to occupy them under a contract to pay rent, up to a certain time, when the defendant claimed he had surrendered the premises to the plaintiff who had accepted the surrender, and let them to another person, who was still in possession.   The plaintiff on his part claimed that no such surrender was made, but that the defendant put the person in possession, who had continued to occupy the same as defendant's tenant up to the present time.

It was shown by the copy of the records, and other evidence, that this plaintiff, on the 30th day of December, 1835, commenced his action of assumpsit against the defendant for the use and occupation of these same premises previous to that date, which suit went into the county court by appeal, at the June term, 1836, in Orleans county, and the plaintiff recovered for the full time up to the date

of the writ, under such charge from the court as was finally affirmed by the supreme court, and a final judgment rendered on the verdict;—that, in that trial, before the jury, the question was distinctly put in issue by the parties, and by the court in their charge, whether this defendant had surrendered these premises to the plaintiff and he had then put the person now in possession into the occupancy thereof, or whether he was put in by the defendant, and the jury, in that verdict, found the said issue in favor of the plaintiff, and that there had been no such surrender, and that the person now in possession was, up to the date of plaintiff's writ in that action, occupying as the tenant of defendant, and by his consent and permission. And it was further admitted that the plaintiff was entitled to recover in this action, unless the defendant could be permitted to give evidence to show that said premises had been surrendered at the same time attempted to be shown in the former trial, and thus contradict the facts found in the former verdict, to which the plaintiff objected, and the court rejected the evidence offered for that purpose, to which decision the defendant excepted.

*Willard & Poland*, for defendant.

It is not denied that the verdict in the former suit was proper evidence to guide the jury in the determination of this case; but we contend that it could not have the operation of an estoppel, so as to conclude the defendant by its production, and that the evidence offered by the defendant was erroneously withheld from the jury, by the county court. 2 B. & Ald. 662. 3 East, 135. Doug. 517. 5 Esp. R. 56. Gilbert's Ev. 24. 4 Day's Cas. 274. 4 Am. Dig. 577. 1 Stark. Ev. 194, 200, 206, 216. 3 do. 1279-80.

*J. Sawyer and Maeck & Smalley*, for plaintiff.

When the party who relies on matter of estoppel, has no opportunity to plead it, he may show it in evidence; and it will, in general, have the same effect as if pleaded. *Howard v. Mitchell*, 14 Mass. 241. Bigelow's Dig. 311. *Adams v. Barns*, 17 Mass. 365. 1 Starkie, 304. 1 Swift's Dig. 621. 1 Chitty's Pl. 522. *Wright v. Butler*, 6 Wend. 284. 1 Phil. Ev. 223-4.

The opinion of the court was delivered by

BENNETT, J.—It is at least a familiar principle of law,

that, when a fact, appearing to have been put directly in issue on the face of the pleadings, is determined by a jury in one case, the verdict, when properly pleaded in a subsequent suit between the same parties, is conclusive as to the facts found by the verdict in the first case. This is by way of an estoppel ; and, it is usually said that, to give it this effect, it must be pleaded as an estoppel. It is, no doubt, true that where the party has an opportunity to plead the estoppel, he is bound to do it; and, if he omits it, the jury will not be bound by the estoppel, but may find according to the fact. If, however, there has been no opportunity to plead the matter as an estoppel, it may, in general, be given in evidence, and it will have the same conclusive effect as in cases where it is pleaded. This is according to the current of the authorities, though they may not have been entirely uniform. Hobart's R. 207. 1 Salk. R. 277. 1 Phil. Ev. 224, 225. 14 Mass. R. 243. 3 Cowen's R. 120. 6 Wend. R. 289. 17 Serg. & Rawle, 319. 1 Swift's D. 622. 8 Vt. R. 461.

It seems, from this bill of exceptions, that the fact whether there had been a surrender of the premises by the defendant, for the use of which the rent is claimed, on the former trial between these same parties, was put distinctly in issue by them, and by the court in their charge to the jury, and that issue was found for the plaintiff. This action, being brought for rent claimed to have accrued since the former recovery, the defendant, after pleading the general issue, claims, on trial, that though he took the premises of the plaintiff under a contract to pay rent, yet he had surrendered them to him, and that the plaintiff accepted the surrender, and let them to another tenant. The plaintiff could not have replied the estoppel to the defendant's plea. *Fry* v. *Cook*, 2 Aik. R. 342. He must, therefore, be permitted to give it in evidence, and it must be conclusive upon the parties. If, however, this had been a case where the party might have replied the estoppel, it would have been his duty so to have done, if he intended to have relied upon the matter as an estoppel.

The judgment below is affirmed.