GUY A. OSHA *v.* LELIA M. HIGGINS, LUTHER J. HIGGINS, AND EBEN O. AVERY.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed February 7, 1916.

*Chancery—Demurrer Waived by Not Having Been Brought Forward—Equitable Mortgages—Priority—Foreclosure—Husband and Wife—Renunciation by Husband of Marital Property Rights—Findings by Chancellor—Failure to Except—Effect.*

On an appeal in chancery, the demurrer in defendant's answer to plaintiff's bill will be treated as waived, where the record does not show that the demurrer was brought forward for hearing before the case was heard on the merits.

Exceptions taken to rulings on questions of evidence, made by the chancellor during the hearing on the merits, will not be considered on appeal where the record does not show that any exceptions were taken to the report because of such rulings.

In proceedings to foreclose a mortgage of real estate securing its purchase price, executed by a wife alone, the husband's statement, in

his answer to the bill, disclaiming any interest in the property and leaving plaintiff to his remedy against the wife, was a renunciation by the husband of his marital rights in the property, and made the wife's sole deed an equitable mortgage of the real estate.

Where a wife purchased real estate, giving a mortgage thereof for a part of the purchase price, and borrowing, and securing by a second mortgage, the money for the cash payment, and the husband did not join in either of the mortgages, but in foreclosure proceedings he appeared and disclaimed, and the second mortgagee assisted in creating the equitable mortgage as a first incumbrance on the property, and agreed that his simultaneous mortgage should be a second incumbrance thereon, he had no rights, either under his mortgage or under an attachment in a suit by him against the wife to recover the cash loan, that were prior to the first mortgage.

APPEAL IN CHANCERY. Heard on the pleadings and findings of fact by the chancellor, at the June Term, 1915, Orange County, *Slack,* Chancellor. Decree for the plaintiff. Defendant Avery appealed.

The following facts were found by the chancellor. The defendants Luther J. Higgins and Lelia M. Higgins, at the time when the deed and mortgages herein referred to were executed, April 17, 1914, were and ever since have been husband and wife. Lelia and her three children were then living with her mother at South Royalton, this State. Luther was then living in the state of Connecticut, and for aught appearing still lives there. On the day named, Lelia, assisted by defendant Avery, made a trade for the plaintiff's place situated in the village and town of Randolph, this State. The terms of the trade were, that the plaintiff should deed the place to Lelia for the purchase price of twenty-two hundred dollars; that the plaintiff should have five hundred dollars in cash, and a note for the remainder, seventeen hundred dollars, payable on demand, secured by a first mortgage on the premises. These terms of the trade were fully understood and agreed to by Lelia and Avery and the plaintiff. Beyond assisting Lelia in making the purchase, Avery had no interest in any part of the transaction, except that he furnished the five hundred dollars with which to make the cash payment. He agreed to pay the plaintiff that sum and did so,

but as between Avery and Lelia this was a loan by him to her of that sum.

The terms being agreed upon, all three went to the town clerk, a Mr. Briggs, and he made the papers then considered necessary by the parties to carry out the trade: The plaintiff and his wife executed and delivered to Lelia a warranty deed of the premises; Lelia signed and delivered to the plaintiff, a promissory note for seventeen hundred dollars, payable on demand, with interest at five per cent. per annum, and also executed and delivered to him a first mortgage on the land conveyed to her by him, to secure the payment of the note; and she gave Avery a note for five hundred dollars to cover the sum he had paid to the plaintiff on the purchase price, and to secure the same executed and delivered to Avery a second mortgage on the premises. This mortgage contained the clause: "That they (the premises) are free from any incumbrance, except a prior mortgage this day given to Guy A. Osha (the plaintiff) for seventeen hundred dollars." It was then understood by the plaintiff, Lelia, and Avery, that the mortgage to the plaintiff was a good and valid first mortgage; and Avery understood that he was to have, and agreed to take, a second mortgage on the premises to secure the payment of his note for five hundred dollars.

The defendant Luther J. Higgins did not join in either mortgage. Avery then knew that Lelia had a husband living, but did not know, nor did she, that it was necessary for the husband to join with his wife in a mortgage of her real estate. Briggs did not know that Lelia had a husband living, but did know it was necesary for a husband to join with his wife in a mortgage of her real estate. The plaintiff did not know either of these facts, but his information concerning her children was sufficient to put him upon inquiry as to her having a husband. He made no inquiry, and the subject-matter was not mentioned by any of them.

Before these proceedings in equity were begun, Avery brought suit against Lelia on his above-mentioned note, and attached the real estate conveyed to her by the plaintiff.

By their several answers filed in this case, Lelia admits the allegations in the bill and declines to make any defence thereto, and Luther denies that he has any interest in said real estate, and leaves the plaintiff to his remedy against her.

*March M. Wilson* for the plaintiff.

*Richard A. Hoar* and *Alland G. Fay* for the defendant.

WATSON, J.   The record does not show that the demurrer in the answer of defendant Avery was brought forward for hearing before the case was heard on the merits, so the demurrer stands as waived.   *Congregational Church* v. *Cutler,* 76 Vt. 338, 57 Atl. 387.

The amendments to the bill were within the discretion of the chancellor.   Some exceptions were taken to rulings on questions of evidence, during the hearing upon the merits, but it does not appear that any exceptions were taken to the report because of such rulings.   These questions are therefore not before us.   This is so by statute, (P. S. 1268,) in construing which it has been held in many cases that unless saved by exceptions filed to the report, such questions shall be treated as waived.   The latest case in which such holding was had, is *Hooker, Corser & Mitchell Co.* v. *Hooker,* 89 Vt. 383, 95 Atl. 649.

In his answer to the bill, Luther J. Higgins, the husband of Lelia M., stated that he had no interest in said real estate, and leaves the plaintiff to his remedy against her.   This amounted to a renunciation by him of his marital rights in the property, in consequence of which the sole mortgage deed of the wife to the plaintiff to secure a part of the purchase money, conveyed an equitable interest in the land,—it constituted an equitable mortgage thereon.   *Frary* v. *Booth,* 37 Vt. 78; *Buchanan* v. *Chamberlin,* noticed in case last cited, p. 84; *Dietrich* v. *Hutchinson,* 81 Vt. 160, 69 Atl. 661; *Blondin* v. *Brooks,* 83 Vt. 472, 76 Atl. 184.   Avery assisted Lelia M. in creating this equitable mortgage as a first incumbrance upon the property, and he agreed that the mortgage given by her to him, on the same premises, at the same time, should be a second incumbrance. Thus having full knowledge of the plaintiff's prior equitable mortgage, Avery can have no rights in the property, either by virtue of his equitable mortgage or under his attachment, except such as are subject thereto.   *Dietrich* v. *Hutchinson,* cited above; *Frary* v. *Booth,* cited above; *Morrill* v. *Morrill,* 53 Vt. 74, 38 Am. Rep. 659.

The foregoing covers all there is of substance to the case, and the plaintiff is in equity entitled to a decree of strict foreclosure against all the defendants, giving them a reasonable time in which to redeem. The decree below goes further, and beyond what the allegations of the bill or the facts found warrant.

*Decree reversed and cause remanded with directions that a decree be entered that unless the defendants pay to the clerk of the court for the benefit of the plaintiff, the sum due in equity with interest thereon from the date of the decree, together with the costs of suit in the court of chancery, less the defendants' costs in this Court, within a reasonable time to be fixed by that court, the defendants and each of them, and all persons claiming under them, shall be forever barred of all equity of redemption in the premises.*