A. T. Davis *v.* Union Meeting House Society.

February Term, 1918.

Present: Watson, C. J., Haselton, Powers, Taylor, and Miles, JJ.

Opinion filed September 17, 1918.

*Chancery—Demurrer—When Waived—When not Before Chancellor for Decision—Adverse Decree—Exceptions Impliedly Overruled—Surplusage—Hearing on Merits.*

The general rule in chancery is that a demurrer must be brought on for hearing before a trial is had on the merits, or it will be held to have been waived.

If, on review, a demurrant desires to avail himself of a demurrer which has been heard and overruled, the usual practice in chancery is to ask for an order reserving the benefit thereof until final hearing.

In a suit in equity to restrain the prosecution of a suit at law, where the defendant's answer set up special matter by way of demurrer, and, after a full hearing on the merits, the chancellor sustained

the demurrer and dismissed the bill, but the record failed to show any action taken on the demurrer prior to the hearing on the merits, the demurrer was waived when the case went to trial on the merits, and was not before the chancellor for decision.

An adverse decree in chancery impliedly overrules the exceptions of the defeated party, and they are brought up for review by the appeal.

Where it sufficiently appears from the whole record that the case was disposed of on the findings, the reference in the decree to a demurrer is treated as surplusage, and the case ordered to stand for hearing on its merits.

APPEAL IN CHANCERY. Heard on bill, answer, replication, inspection of the premises, testimony of witnesses and argument of counsel at the September Term, 1916, Washington County, *Stanton*, Chancellor. Decree sustaining the demurrer and dismissing the bill with costs. The plaintiff appealed. The opinion states the facts.

*J. Ward Carver* and *Erwin M. Harvey* for the plaintiff.

*John W. Gordon* for the defendant.

TAYLOR, J. The bill was brought to restrain the defendant from prosecuting a suit at law pending in Washington county court to recover for trespasses alleged to have been committed by this plaintiff on premises occupied by the defendant and to determine plaintiff's equitable rights in the premises and restrain the defendant from further interfering with such rights. The defendant answered and insisted in the answer on special matter by way of demurrer. The case is here on plaintiff's appeal from the following decretal order: "The cause was heard by the chancellor on bill, answer, replication, inspection of the premises, testimony of witnesses and arguments of counsel on both sides, and thereupon it is adjudged, ordered and decreed that the injunction heretofore issued in said cause be dissolved; that the defendant's demurrer to plaintiff's bill of complaint is adjudged sufficient and is sustained; that the bill of complaint in this cause be dismissed; and it is dismissed, with costs to the defendant."

Inspection of the record shows that the bill and subpoena were dated February 27, 1915; that the chancellor ordered the

defendant to appear before him March 10, 1915, to show cause why the prayer of the bill for a temporary injunction should not be granted; that defendant's answer was filed March 10, 1915; and that the same day the temporary injunction was granted and became effective by the filing of the injunction bond. The case was tried by the chancellor at the September Term, 1916, and the findings of fact and decretal order were filed January 22, 1917. The plaintiff reserved certain exceptions which, it will be observed, are not expressly overruled in the decretal order. No mention is made of the demurrer outside of what appears in the decretal order.

The general rule in chancery is that the demurrant must bring his demurrer on for hearing before the merits are gone into or he will be held to have waived it. *Fairbank's Adm'r* v. *Keiser,* 86 Vt. 210, 213, 84 Atl. 610. Where the demurrant desires to avail himself on review of a demurrer which has been heard and overruled, the usual practice is to ask for an order reserving the benefit thereof until the final hearing. It has been held that the benefit of a demurrer may be treated as impliedly reserved where it has been heard and overruled followed by a hearing on the merits. *White River Sav. Bk.* v. *Capital Sav. Bk.,* 77 Vt. 123, 129, 59 Atl. 197, 107 Am. St. Rep. 754. In *Fairbank's Adm'r* v. *Keiser,* the defendants were allowed to file answers containing demurrers, pending the hearing on the merits. The demurrers were ordered to lie until the coming in of the master's report. They were brought forward at the final hearing and the bill was dismissed *pro forma.* The question was whether, in the circumstances, the demurrers were waived. In holding that the whole case came up, demurrers and all, after stating the general rule, the Court said: "But this is a rule of procedure, merely, and the chancellor may, in the exercise of a wise discretion, protect a demurrer from such a result by making an order to the effect that the hearing shall go on without prejudice to the demurrer."

In the case at bar the record fails to show that anything was done to save the demurrer from the effect of the general rule, and we must treat it as waived when the case went to trial on the merits. Having been waived, the chancellor had no occasion to refer to it in his decretal order. It was not before him for decision and was not reinstated by anything disclosed in the record. *Osha* v. *Higgins,* 90 Vt. 130, 96 Atl. 700; *Hooker Corser & Mitchell Co.* v. *Hooker,* 89 Vt. 383, 387, 95 Atl. 649.

Counsel treat the decretal order as disposing of the case on the demurrer alone. If we were to adopt their construction of the record we should be obliged to hold, as the plaintiff contends, that the demurrer was waived and could not be brought forward by the chancellor of his own motion and made the basis of his decree and so is not for hearing in this court. But the majority consider that it sufficiently appears from the whole record that the chancellor disposed of the case on the findings. Treating the reference to the demurrer as surplusage, the decretal order is complete and consistent with the proceedings leading up to it. The fact that plaintiff's exceptions were not expressly overruled does not stand in the way of reviewing questions sought to be saved thereby. The decree, being adverse, impliedly overruled the exceptions, and they are brought up by appeal.

The case is for hearing without reference to the demurrer.

*Let the case stand for argument on the merits.*