[1] THE CUTLER COMPANY *v.* HERBERT G. BARBER.

May Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 11, 1919.

*Chancery—Exceptions to Rulings on Admission of Evidence not Saved When there are no Exceptions to Findings—Questions Determined by Transcript—Failure to Report Testimony—Decree Must Conform to Pleadings and Findings—Deeds—Construction—Intent of Parties—Particular Description Controls—Deeds Referred to by Deeds in Evidence—Ownership of Boundary Land Not Shown by Record—Estoppel Not Considered Unless Raised Below—Burden of Proof on Plaintiff to Show Title—Supreme Court—Authority to Modify Decree.*

[1] NOTE:—When this case was originally argued it was assigned to Mr. Justice Haselton. Upon his retirement from the bench, the case, being ordered for reargument, was assigned to Mr. Justice Slack.

Where the plaintiff excepted to rulings of the chancellor on the admissibility of evidence but the record does not show that exceptions were taken to the findings because of such rulings, those questions are not before the Court.

Where the transcript of the evidence is referred to and made controlling only as to the plaintiff's exceptions to the admission and exclusion of evidence, it is not before the Court for the purpose of determining the merit of exceptions to the findings.

No question was saved by an exception to the findings because the chancellor neglected to report testimony as requested, where the record fails to show what the request was, or that there was a request; and it will be assumed that the findings are supported by the evidence.

A decree must conform to the pleadings and findings, and where the question of an easement was not raised by the pleadings and was not in issue at the hearing, the part of the decree relating thereto was not warranted.

In a construction of a deed the intention of the parties must govern if it can be ascertained from its language.

In a deed containing a particular description, clearly fixing a boundary as "a line two feet easterly of the foundation wall," and a general description, "being all and the same land and premises conveyed to the deceased by," etc., the particular description must control.

Deeds referred to by deeds that are in evidence will not be considered by the Supreme Court when they were not received in evidence by the court below.

The claim that boundary land described in a deed as "land of P." is the same now owned by C. cannot be sustained when there is nothing in the record to show who P. was, or what land he owned, if any.

Estoppel, to be conclusive, must be pleaded where possible, and, where it cannot, it may be given in evidence, but it will not be considered by the Supreme Court unless raised in some form in the trial court.

In a suit to enjoin the erection of a building on land claimed by the plaintiff, and to remove a cloud to the title, the plaintiff had the burden of showing title to the land in question, and, having failed to do this, the bill was properly dismissed.

Where a decree is too broad a reversal is not necessary, as the Supreme Court has the authority under G. L. 1564 to alter the same to conform to the pleadings and findings.

APPEAL IN CHANCERY. Heard on bill, answer, replication, and facts found by the Chancellor, at the September Term, 1915, Windham Count, *Butler*, Chancellor. Decree for the defendant dismissing the bill with costs. The plaintiff appealed. The opinion states the case.

*O. B. Hughes, A. F. Schwenk* and *W. R. Daley* for the plaintiff.

*Robert C. Bacon* and *Frank E. Barber* for the defendant.

SLACK, J. The plaintiff seeks to enjoin the defendant from erecting a building on land it claims to own, and to have removed a cloud to its title to the same land. The defendant admits by his answer that he intends to erect a building on the land in controversy, but denies that the plaintiff owns the same, and alleges that he owns it. A replication was filed, and the case was heard on its merits by a chancellor. From the findings made by him, it appears that the land of the plaintiff is immediately west of the land of the defendant. Both lots were formerly owned by Goodhue, and constituted a single tract, described in the deed under which he acquired title as follows: "Also one other tract of land called 'The Garden' lying on the west side of said road, beginning at a white oak tree at the corner of the road leading to the tanyard; from thence westerly on said road about 9 rods to the corner of Elihu Hotchkiss' garden; thence northerly on the east line of said garden to Samuel Elliot's south line at the foot of the hill; thence easterly on said Elliot's line to the public road; thence southerly on said road to the place of beginning, containing about 71 rods of land."

The public road mentioned in this deed is Main Street, and bounds the tract on the east. The road leading to the tanyard is Flat Street, and bounds the tract on the south. In 1835 Goodhue sold a strip off the west end of this lot, forty feet wide, extending entirely across the lot. This is the land owned by the plaintiff. Goodhue sold the south part of the land he still owned to one Ray, in 1868. This tract is known as the "Ray" lot and is now owned by the defendant. In 1911 the defendant acquired title from the Judge estate to the north part of the land owned by Goodhue after he sold the strip off the west end. This tract is referred to as the "Judge Property." It is the line between

this part of the defendant's land and the land of the plaintiff that is in controversy. At the time this suit was commenced, there was a building on the plaintiff's land and one on the Ray lot, about twelve feet apart, both fronting on Flat Street. The plaintiff claims that its east line is the face of the west side of the building on the Ray lot, and that it continues northerly, on the same course, from that building, to the west line of land owned by Lucy Cox, which is located north of the Judge property, thus forming the west bound of the Judge lot. The defendant claims that the west bound of the Judge lot is correctly described in his deed thereof as follows: ''Bounded north by the land of Lucy Cox, east by Main Street, south by land of Herbert G. Barber, and west by a line two feet easterly of the foundation wall of the building of the Valley Grain Company and parallel with said wall. And being all and the same premises conveyed to the deceased (Thomas Judge) by Wells Goodhue and Francis Goodhue by deed dated November 17, 1896 and recorded in Book W, page 211, Brattleboro Land Records.''

In the deed therein referred to, this land is described as bounded on the west by land of William Holding, then owner of the plaintiff's land. The defendant insists that under this deed his land extends to the land formerly owned by Holding, and that his west line is about two feet west of the east wall of the plaintiff's building. The Valley Grain Company building, mentioned in the Barber deed, is the building on the plaintiff's land already mentioned.

During the hearing of the case on the merits, the plaintiff took exceptions to the rulings of the chancellor on questions relating to the admissibility of evidence, but the record does not show that exceptions were taken to the findings because of such rulings, and therefore these questions are not before us. G. L. 1520; *Vermont Marble Co.* v. *Eastman et al.,* 91 Vt. 425, 101 Atl. 151; *Osha* v. *Higgins,* 90 Vt. 130, 96 Atl. 700; *Hooker, Corser & Mitchell* v. *Hooker,* 89 Vt. 383, 95 Atl. 649.

Whether this law is affected by the change in the statute (G. L. 1511; P. S. 1253) it is not necessary to consider, because this case came to this Court before the change. It appears, too, from the files in the case that the decretal order, from which this appeal was taken, was filed November 5, 1915; the plaintiff's motion for an appeal was filed November 13th, and the exceptions certified by the chancellor, which relate to the admission

of evidence during the hearing before him, were not filed until January 25, 1916.   Clearly this was not a compliance with either the present or the former statute.

The plaintiff filed certain exceptions to the findings of fact. The merit of these exceptions can be determined only by an examination of the evidence which is not before us for this purpose.   The only reference to the evidence that appears in the record is in the chancellor's report of the plaintiff's exceptions taken during the hearing, to the admission and exclusion of evidence, where he says:. "The reporter's transcript of the evidence is referred to and may be a part hereof and shall be controlling, but need not be printed."   The use of the transcript is thus limited to the examination of the questions raised during the hearing on the merits, and it is not here for the purpose of testing the exceptions to the findings.   *Fraser* v. *Nerney et al.,* 89 Vt. 257, 95 Atl. 501; *County of Bennington* v. *Manchester,* 87 Vt. 555, 90 Atl. 502; *Thompson-Starrett Co.* v. *Ellis Granite Co.,* 86 Vt. 282, 84 Atl. 1017; *Roach* v. *Caldbeck,* 64 Vt. 593, 24 Atl. 989; *Lynch, Admr.* v. *C. V. Ry. Co.,* 89 Vt. 363, 95 Atl. 683; *Barber* v. *Bailey,* 86 Vt. 219, 84 Atl. 608, 44 L. R. A. (N. S.) 98. These exceptions are not considered.

The plaintiff's seventh exception to the findings was to the neglect of the chancellor to report such testimony as requested. It is enough to say that the record fails to show what the request was, or, indeed, that there was a request; so no ·question was saved.   We must assume, therefore, that the findings are supported by the evidence.   *Fraser* v. *Nerney, supra.*

It remains to consider whether the decree is supported by the pleadings and findings.   The material part of the decree is "that the orator has no right, title, interest, or easement in the strip of land twelve feet wide north of the Ray property so called, bounded westerly by the orator's buildings and described in its bill of complaint, easterly of the line of the easterly face of the foundation wall of the said four-story building mentioned therein and known as the Valley Grain Company Building, as it now stands, extending northerly to what was formerly land of Samuel Elliot," etc.

The plaintiff insists that the question of easement was not in the case, and therefore should not have been included in the decree.   The decree must conform to the pleadings and findings. *Osha* v. *Higgins, supra;* 10 R. C. L. 338, and cases there cited.

No issue was raised by the pleadings that involved this question, and "the sole question in controversy," says the chancellor in the first paragraph of his findings, "is the location of the true division line between the orator's land conveyed to it by Henry R. Brown and wife * * * and that portion of the defendant's land known as the Judge Property," etc. While the findings disclose that the plaintiff introduced evidence tending to show its use of the land east of its building, its purpose in so doing was clearly stated, and must have been understood by the chancellor and the defendant throughout the hearing. We quote again from the findings: "The orator did not claim title or right by adverse user, but relies upon its record title, and the evidence of user, as tending to establish the location of the true line described in the deed and so announced at the outset of the hearing, on being interrogated as to his claim by the defendant." It is apparent that the question was not in issue and that in this respect the decree goes beyond what the allegations of the bill, or the facts found, warrant.

The chancellor found that if the *particular* description in the defendant's deed of the Judge lot determined his rights he has title to a point two feet east of, and parallel with, the easterly face of the foundation wall of the plaintiff's building; but if the later description in the deed, "being all and the same land and premises conveyed to the deceased by," etc., governs, he has title to the east wall of the plaintiff's building. The decree shows that the chancellor treated the latter description as determinative. The plaintiff contends that this was error. The only description of the west bound of the Judge lot in the deed to which defendant's deed refers—Goodhue to Judge—is "west by lands of William Holding." Holding, as we have seen, at that time owned the plaintiff's land. If the Judge lot, in fact, extended to the plaintiff's building, then the two descriptions in the defendant's deed are clearly inconsistent, and the question is, Which controls?

The intention of the parties must govern, if it can be ascertained from the language used in the deed. The general rule in cases like the one before us is stated in *Spiller* v. *Scribner*, 36 Vt. 245, and restated in *Cummings* v. *Black*, 65 Vt. 76, 25 Atl. 906. It is too well established to require further notice. *Huntley* v. *Houghton*, 85 Vt. 200, 81 Atl. 452, and the cases there cited. "While the reference to a former deed is in terms for a more

particular description, it is what the law terms a general description." *Huntley* v. *Houghton, supra.*

A more clearly defined boundary than that of the defendant's west line in the *particular* description in his deed is seldom found, "a line two feet easterly of the foundation wall of the building of the Valley Grain Company and parallel with said wall." That building is a permanent structure, four stories high, and had stood where it now stands at least twenty years at the time this deed was given. The particular description must control, and the defendant's west line of the Judge lot is fixed thereby. But the defendant says that the decree is proper because if he does not own the land between the line thus established and the east wall of the plaintiff's building it still belongs to the Judge estate and not to the plaintiff. Even so, this is immaterial, in view of the disposition we think should be made of the case.

The plaintiff insists that it should have a decree establishing its east line at a point twelve feet east of the east foundation wall of its building, because it says the defendant is estopped by a deed which he and Taft, Admrs., gave Carroll (in plaintiff's chain of title) from now claiming that the line in dispute is west of where the plaintiff asserts it to be, for the reasons: First, that it appears from that deed that the defendant then knew that the plaintiff's east line was east of its buildings, and so stated in the deed, and, second, that the land thereby conveyed is described as bounded on the east, in part, by land of Cyrus Piper, and it claims that Piper then owned the land now owned by Lucy Cox.

As to the first ground urged in support of this claim it is sufficient to say that the deed does not show what the plaintiff claims. It refers to a right of way theretofore conveyed to John L. Ray, but does not show its location or width, nor is this particular way located by the findings. The deed referred to in the deed to Carroll—Cobb to Ray—and a deed from Cobb and Taft to Ray, referred to in other deeds in the defendant's chain of title, were produced in this Court, and their contents urged upon our consideration for the purpose of showing the location of the right of way mentioned in the deed to Carroll as tending to show the location of the plaintiff's east line. These deeds are so referred to by deeds that are in evidence that they would doubtless have been admissible, and, if in evidence, the descriptive part of

each would quite likely be treated as though incorporated in the deed making the reference. But they were not even offered in the trial court. In this connection our attention is called to the closing paragraph of the findings: "Copies of the several deeds in the chain of title of the defendant, as well as the chain of title of the orator, and the deeds of Anson Barber to John Gore and Samuel Whitney to Elihu Hotchkiss, are referred to as a part hereof." But this reference includes only such deeds as were in evidence, and does not bring into this Court, or permit the parties to do so, deeds which were not offered in the court below, merely because referred to in deeds which were admitted.

As to the second ground: If the plaintiff's east line is where it claims it to be its land is bounded on the east, in part, by land of Lucy Cox. The defendant claims, however, that the plaintiff's east line is farther to the west, so that its land does not join the Cox land. In the deed from the defendant and Taft to Carroll, the land conveyed is described as bounded "east by land of Cyrus Piper, land of Thomas Judge and land formerly owned by John L. Ray," and, as before stated, the plaintiff claims that Piper then owned the land now owned by Lucy Cox. But there is nothing in the record to show this fact—to show who Piper was, or what land he owned, if any.

But the question of estoppel was not raised in the court below. To be conclusive, estoppel must be pleaded, in cases where it can be. *Isaacs* v. *Clark*, 12 Vt. 692, 36 Am. Dec. 372. Where it cannot, it may be given in evidence, and, in such case it will conclude the rights of the parties. *Isaacs* v. *Clark, supra.* But the question will not be considered by this Court, unless raised in some form in the trial court. *Thompson-Starrett Co.* v. *Plunkett,* 89 Vt. 177, 94 Atl. 845; *Atkins* v. *Atkins,* 87 Vt. 376, 89 Atl. 643. This is in line with the well established rule that this Court will not consider questions raised here, for the first time, in cases coming here on exceptions or appeal. *Castonguay* v. *Grand Trunk Ry. Co.,* 91 Vt. 371, 100 Atl. 908; *Ackerman* v. *French,* 90 Vt. 324, 98 Atl. 921; *Levin* v. *Peck,* 88 Vt. 507, 93 Atl. 256; *Brown* v. *Aitken,* 88 Vt. 148, 92 Atl. 22, Ann. Cas. 1916 D, 1152. Not even in criminal cases. *State* v. *Monte,* 90 Vt. 566, 99 Atl. 264, and cases there cited.

It is unnecessary to proceed further in the examination of this case, because the plaintiff had the burden of showing title to the land whereon the acts complained of were committed, and

having failed to do this the bill was properly dismissed. But the decree is too broad, and must be modified to conform to the pleadings and findings. This, however, does not necessitate a reversal, because this Court has authority to alter the same. G. L. 1564.

*The decree is altered so as to read as follows: It is adjudged and decreed that the division line between the land of the plaintiff and that part of the defendant's land known as the Judge lot is two feet east of the easterly face of the foundation wall of the plaintiff's building. Bill dismissed with costs to the defendant. And, being so altered, the decree is affirmed.*

*This alteration eliminates the element of easement from the decree, and substantially changes the location of the division line from the location fixed by the decree of the lower court, all in the plaintiff's favor: therefore let it recover its costs in this Court.*