ANTHONY E. McDONOUGH ET AL. v. SAMUEL E. HANGER ET AL.

May Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 9, 1920.

*Breach of Covenant of Seisin—Burden of Proving Breach On Plaintiff—Practice Act—General Denial and Matters of Avoidance Cannot Both Be Pleaded—Answer Adding Nothing to General Denial—Particular Description in Deed Controls—Particular Description Not Affected by Description in Deed Referred to.*

1. The common-law rule that, in an action for breach of covenant of seisin, the defendant, on proof of the deed containing the covenant, has the burden of proving performance has no application to present-day conditions, being based on peculiarities of English conveyancing, and being wholly unnecessary under a registry system like ours.

2. In an action for breach of covenant of seisin, the defendants, under the Practice Act, could deny the charges in the complaint, or some of them, or they could make a brief statement of the facts relied upon in defence, but they could not do both.

3. Where a defendant has availed himself of a statutory general issue, he cannot thereafter avoid the facts alleged against him.

4. The defendants having first filed a general denial, a further answer, in which they denied the breach of the covenant and alleged that they did keep and perform the same, added nothing to the general denial; and the plaintiffs had the burden of proving, not only the covenant, but the breach of it.

5. A particular description in a deed controls a general description in the same instrument.

6. Where the land was described as bounded by a water course, the call for the natural boundary was not affected by the description in a prior deed referred to as describing the land meant to be conveyed, although a change in the water course made the last deed include more land than the deed referred to.

ACTION OF CONTRACT to recover damages for breach of covenant of seisin. Plea, the general issue. Trial by Court at the September Term, 1919, Rutland County, *Fish*, J., presiding. Judgment for the plaintiffs. The defendants excepted. The opinion states the case.

*William H. Preston* for the defendants.

*Henry L. Clark* and *Walter S. Fenton* for the plaintiffs.

POWERS, J. [1] This is an action of·contract on a broken covenant of seisin. At the trial below, the plaintiff put in evidence the deed containing the covenant sued on, and, reserving the right to prove his damages, rested, claiming that the burden was thereby cast upon the defendants to prove the performance of their covenant. The court so ruled, and the defendant excepted. In support of this ruling, the plaintiffs call to our attention various cases from other jurisdictions so holding. But these decisions are all founded upon the common-law rule, which, it may be admitted, was just what the plaintiffs here claim. This rule, however, was so peculiar and created a situation so anomalous that it provoked from Judge Cooley, when it was insisted upon in *Ingalls* v. *Eaton,* 25 Mich. 32, the statement that if such was the rule, it was "probably the only instance in the law in which the mere assertion of a claim against a party is sufficient *prima facie* to establish it." With characteristic terseness, he then proceeds to show the fallacy of the doctrine when applied to present-day conditions. The rule had its basis, as is shown in an interesting opinion in *Woolley* v. *Newcombe,* 87 N. Y. 605, in the English system of conveyancing, whereby the grantor, in many cases, for the very purpose of enabling him to establish his title when occasion should require, retained his title deeds, which were not then a matter of public record. But under a

registry system like ours, no such rule is necessary; for the condition of the title is equally accessible to both grantor and grantee.

[2-4]    It is of little importance to us, however, to know what the common-law rule was or why it was so.    Our Practice Act governs the case before us.    When the defendants were confronted with the charges contained in the complaint, they were at liberty to deny them, or some of·them, or·they could make a brief statement of the facts relied upon in defence.    They could not do both.    The language of the act precludes this.    This is made clear by the recent holding in *Dernier* v. *Rutland Ry. L. & P. Co., ante* p. 187, 110 Atl. 4.    The record before us shows that these defendants first filed a general denial; and, if they had stopped there, all would be clear enough, for this put the plaintiffs to the proof of every material allegation of the complaint. *Id.*    But the defendants subsequently filed a further answer in which they denied the breach of the covenant, and alleged that they did keep and perform the same.    It was in this last phrase that the common law would find an affirmative which the defendants would have to prove.    But if this further answer is anything more than a denial of facts alleged in the complaint, it is improper.    For, as we have seen, the defendants had availed themselves of a statutory general issue, and they could not thereafter avoid the facts alleged against them.    See *Powers* v. *Rutland R. Co.,* 83 Vt. 415, 76 Atl. 110.    In these circumstances, we think this further answer should be considered as nothing more than a denial of the breach alleged in the complaint and as adding nothing to the general denial already on file.    This leaves the plaintiff with the burden of proving, not only the covenant, but the breach of it.    *Dernier* v. *Rutland Ry. L. & P. Co., supra,* is full authority for this holding, and is in entire accord with the decisions in actions on this covenant standing on statutory general issues.    *Ingalls* v. *Eaton, supra; Woolley* v. *Newcombe, supra; Peck* v. *Houghtaling,* 35 Mich. 127; *Hamilton* v. *Shoaff,* 99 Ind. 63; *Wine* v. *Woods,* 158 Ind. 388, 63 N. E. 759; *Eames* v. *Armstrong,* 142 N. C. 506, 55 S. E. 405.

[5, 6]    The deed in question is dated August 11, 1903, and describes the land conveyed as follows:    "Bounded on the east by South Street, so-called; * * * on the south by the Rutland and Whitehall Railroad; * * * west by the watercourse flowing from the mills at said Hydeville; and on the north by the center of

said watercourse passing through the center of the waste gate of the stone dam, and thence easterly in the same line to said South Street, * * *''

The only question is in regard to the west call of this deed. It also contains the following clause: ''Meaning hereby to convey the same premises which were conveyed by Squires, Sherry and Galusha to Ryland Hanger by deed dated December 22, 1881, and recorded in Book 19, page 199, of said Castleton Records, except so much thereof as is situated south of said railroad.''

The defendants claimed and offered evidence tending to show that, while the west boundary of the land conveyed by the deed of 1881 is therein specified as the ''watercourse flowing from the mills,'' there was at that time a millpond there, which subsequently went out, so that at the time the deed in question was given the watercourse was farther west than when the former deed was given; and they also claimed that the meaning of the last deed was controlled and restricted by the clause quoted—or at least a question was thereby raised to be determined on the evidence. The court ruled against these claims, and held that the description by metes and bounds was controlling, and was not affected by the clause making allusion to the former deed. The ruling was free from error. For, it is a well-settled rule of construction that a particular description in a deed controls a general description in the same instrument. *Cummings* v. *Black,* 65 Vt. 76, 25 Atl. 906; *Huntley* v. *Houghton,* 85 Vt. 200, 81 Atl. 452; *Whittier* v. *Parmenter,* 90 Vt. 16, 96 Atl. 378; *Cutler Co.* v. *Barber,* 93 Vt. 468, 108 Atl. 400. While all technical rules of construction yield to the master rule of expressed intention (*Johnson* v. *Barden,* 86 Vt. 19, 83 Atl. 721, Ann. Cas. 1915 A, 1243), none is more rigid, says Chief Justice Savage in *Perry* v. *Buswell,* 113 Me. 399, 94 Atl. 483, than the one just stated, which we said in *Cutler Co.* v. *Barber, supra,* was ''too well established to require further notice.'' That the clause in question is, in a legal sense, a general description, is fully established by our cases. And this is so, even though the deed referred to contains what the law recognizes as a particular description. The clause before the Court in *Wilder* v. *Davenport,* 58 Vt. 642, 5 Atl. 753, was of the same import as the one before us. It was this: ''Intending hereby to convey the same lands, and no other, which passed to me by virtue of the foreclosure of'' certain mortgages

specified. In holding that the particular description was controlling, Judge VEAZEY says: "It would therefore be introducing complete uncertainty in deeds if, after a precise description by metes and bounds, without exception or reservation, such description could be overcome, when it turned out that the grantor did not own all he described, by adding a clause as to his intent, such as was done in this deed." The clause before the Court in *Cutler Co.* v. *Barber, supra,* was essentially like the one before us. It read: "Being all and the same land and premises conveyed" by Wells Goodhue to Thomas Judge "by deed dated November 17, 1896, and recorded in Book W, page 211, Brattleboro Land Records." The deed referred to described the land conveyed as bounded on the "west by lands of William Holding." And we held that the specific description contained in the deed was controlling.

The defendants rely strongly upon *Wilson* v. *Underhill,* 108 Mass. 360, wherein it is held that a description in a former deed repeated in terms in a later one retains in the new deed the meaning it had in the old one. But that case is not contrary to the views hereinbefore expressed. The doctrine of that case does not apply to a case like this one, where conditions have changed since the first deed was given. Indeed, the court was careful to distinguish that case from one wherein the deed contained a particular description, together with a general reference to one containing a more restricted description.

It follows from the views expressed above that the variance, if any, was immaterial.

*Judgment reversed, and cause remanded. Let the defendants there apply for transfer into equity for reformation of the deed, if they be so advised.*