PAULINE GRAY ET AL. *v.* BRATTLEBORO TRUST CO.

February Term, 1923.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed November 9, 1923.

*Equity—Exceptions to Findings Impliedly Overruled by Adverse Decree—Exceptions to Evidence—Exceptions Not Available Unless Bill of Exceptions Filed—When Record Insufficient to Show Exceptions—Waiver of Exception by Failure to Brief—Test of Decree—Trusts—Payment by Trustee on Requisition of Cestui Que Trust—Construction of Trust as to Trustee's Duties—Termination of Trust by Decree—Costs.*

1. Exceptions to a chancellor's findings are impliedly overruled by a decree adverse to the excepting party.

2. In cases arising since the adoption of G. L. 1511, exceptions to the admission of evidence in trials by the chancellor are made available on appeal in the same manner as in actions at law tried by the court, and such method is exclusive.

3. Where no bill of exceptions is signed and filed as required by statute, no exception taken on the trial is available on review.

4. On exceptions to a chancellor's failure to make certain findings, where the record fails to show any request for findings, the exceptions will be overruled.

5. Where no ground of exception to the chancellor's failing to find is specified as required by Chancery Rule 39, the exception will be overruled.

6. Where the evidence relied upon in support of exceptions to the chancellor's failure to make certain findings is not part of the record for that purpose, the exceptions will be overruled.

7. An exception not briefed is waived.

8. A decree is to be tested by the facts established and such inferences as may fairly be drawn therefrom.

9. Where alimony decreed to a wife for the support of herself and children was by agreement deposited with defendant in trust for such purpose, it is no valid objection that payments made by the trustee within the provisions of the trust were made

on the requisition of the wife who had the care and custody of the children.

10. Under such a trust, it was not the duty of the trustee, as a matter of law, to administer the trust so as to provide for the support of the minor children until they became self-supporting.

11. In a suit for an accounting by defendant, as trustee of funds for the support of a wife and minor children, where defendant prevailed on the merits, it was not error to dismiss the bill and terminate the trust by decreeing a small balance remaining in the hands of the trustee in equal shares to the wife and guardian of the minor children.

12. The general rule is that, when a trustee who has acted honestly and in good faith comes into court to render his account, he is entitled to his costs.

13. In a suit for an accounting by a trustee and for removal of the trustee, the decree allowing costs to the defendant was warranted by the facts shown.

APPEAL IN CHANCERY. Heard on pleadings and facts found by the chancellor, at the September Term, 1921, Windham County, *Fish,* Chancellor. Decree for defendant dismissing the bill with costs. The plaintiff appealed. The opinion states the case. *Affirmed and remanded.*

*Holden & Healy* for the plaintiff.

Notice of the acceptance of a trust imposes the duty of inquiry as to its character and limitations, and whatever is sufficient to put a person of ordinary prudence on inquiry is constructive notice of everything such inquiry might have led to. *Shaw* v. *Spencer,* 100 Mass. 382; *Leak* v. *Watson,* 58 Conn. 332, 8 L. R. A. 666; Perry on Trusts, § 262.

The first duty of a trustee requires him to take the necessary action to possess himself of the entire trust, and if any has wrongfully been diverted to recover it. Perry on Trust, §§ 438-440; Pom. Eq. Jur., §§ 1067-1070; *Lowe* v. *Vermont Savings Bank,* 90 Vt. 532.

When a trustee is called upon to account, the burden is upon the defendant to make a proper accounting. *Stockwell* v. *Stockwell's Estate,* 92 Vt. 489, 495; Am. & Eng. Enc. of Law, Vol. 28, p. 1068.

*John E. Gale,* attorney for the defendant.

TAYLOR, J.   The bill of complaint is brought by Pauline Gray, with whom her minor children and their guardian join as plaintiffs, for an accounting by the defendant of funds awarded as alimony in her suit for divorce, and for the removal of the defendant as trustee.   It was stipulated between the parties to the divorce proceedings, subject to the approval of the court, that in the event a divorce should be granted to the petitioner (the plaintiff Pauline), she should be decreed the custody of the minor children and that the guardian of the petitionee should "pay two thousand dollars to the Brattleboro Trust Company, as trustee, as alimony, the same to be used and expended for the support of said petitioner and children."   The plaintiff was granted a decree of divorce giving her the custody of the minor children and alimony "as per stipulation on file."   The chancellor has found the following facts:   Soon after the divorce was granted Gray's guardian delivered to the defendant's treasurer a check signed by him as guardian for two thousand dollars, payable to the order of the defendant, stating that the check was for alimony in the case of *Gray* v. *Gray*.   The treasurer did not understand that the check was to become a trust account, but that it was to be deposited to the credit of Mr. Piper as attorney for Mrs. Gray.   The check was so deposited upon its receipt. Piper had acted as Mrs. Gray's attorney in procuring the divorce and in securing places for her and her children to live, also in advising her as to her legal rights and attending to the payment of bills which she had contracted or he had contracted for her. When the divorce was granted bills to a considerable amount that had been contracted for the benefit of Mrs. Gray pending the divorce were due and unpaid, and Piper had not been paid for his services and expenditures.   In an interview with the officers of the defendant, Piper "represented" that he would pay from the deposit the debts contracted by Mrs. Gray for her maintenance and that of her children and for procuring the divorce.   The defendant honored checks drawn by Piper as attorney for Mrs. Gray aggregating $849.50.   The bills so paid were for the maintenance of Mrs. Gray and her children after she left her husband and was living apart for a justifiable cause and for procuring her divorce, and included his own bill of $500 for procuring the divorce and rendering legal advice and assist-

ance to Mrs. Gray in connection therewith. The balance of the fund ($1,150.50) was turned over by Piper to the defendant as a trust fund "for the benefit of Mrs. Gray."

The defendant admits in its answer that it received the $1,150.50 as a trust fund and accepted said trust, but denies that the sum of $2,000 was received as trustee or in any other capacity than as a bank of deposit in the ordinary course of business. The chancellor states that he is unable to find that the defendant had notice of the trust as created in the stipulation for alimony until after the deposit was made by Piper. He finds that, since the receipt of this deposit, the defendant has acted as trustee, applying said fund to the uses of Mrs. Gray and her children upon her requisition, and refusing no application by her for funds except a request that the whole be turned over to her, which the defendant declined to honor except upon the order of the court. The chancellor further finds that the payments made by the defendant on Mrs. Gray's requisition were within the provision of the trust, and the account as trustee is approved and allowed.

On the facts found the bill was dismissed; the balance in the hands of the defendant as trustee, after deducting an allowance for services and a further sum paid for attorney's fees in the defense of the action, was ordered paid in equal shares to Mrs. Gray and the guardian of the minor children; and the defendant was discharged and relieved from further liability on account of the trust. From the decree the plaintiffs have appealed. The plaintiffs claim that the stipulation with the order of court thereon created an express trust of the entire amount, with which the defendant was chargeable as trustee. This presents the principal issue of the case.

[1-3]   The chancellor's findings contain this reference to the evidence: "The exhibits and record may be referred to for the purpose of showing whether the findings are within the testimony." Eleven exceptions to the findings were duly filed by the plaintiffs. The exceptions were not expressly overruled, but the decree being adverse they were impliedly overruled. *Davis* v. *Union Meeting House Society*, 92 Vt. 402, 105 Atl. 29. The first three exceptions were to the admission of certain evidence. In cases arising since the adoption of G. L. 1511, exceptions to the admission of evidence in trials by the chancellor are made available on appeal in the same manner as in actions at law tried

by the court.   Before the revision of 1917 the only method of saving exceptions taken on a trial by the chancellor was that provided when the trial was by a special master.   *Barber* v. *Bailey,* 86 Vt. 219, 84 Atl. 608, 44 L. R. A. (N. S.) 98; *Rowley* v. *Shepardson,* 90 Vt. 25, 31, 96 Atl. 374; *Cutler Co.* v. *Barber,* 93 Vt. 468, 108 Atl. 400, and other cases there cited.   The commissioner appointed to revise the statutes called attention in his report (page 158) to the "needless circumlocution" required as the law then stood, with the result that the provision of G. L. 1511 relating to exceptions was adopted in the revision.   See Senate Journal 1917, page 603.   In the circumstances it should be held that the method there prescribed for making such exceptions available on appeal is exclusive.   It follows that, for want of a bill of exceptions signed and filed as required by statute, no exception taken on the trial is available on review.

[4-7]   Exceptions 4 to 8, inclusive, are to the failure of the chancellor to make certain findings.   They all stand alike and for the same reasons cannot be sustained.   The record fails to show any requests for findings, no ground of exception is specified as required by Chancery Rule 39, and the evidence relied upon in support of the exceptions is not part of the record for that purpose; either of which is sufficient to require that the exceptions be overruled.   *Hitchcock* v. *Kennison,* 95 Vt. 327, 115 Atl. 156; *Colvin* v. *Gray,* 95 Vt. 518, 116 Atl. 75.   The remaining exceptions were to certain findings.   Exceptions 9 and 11 specify no ground of exceptions and so require no attention. Exception 10 is waived not being noticed in the brief.

[8-10]   It remains to consider the plaintiff's objections to the decree.   It is claimed that the chancellor erred in approving the charges and disbursements of the defendant.   No ground of complaint is specified, but we are referred generally to reasons stated in the argument in support of the exceptions.   Such briefing is not very helpful.   The decree is to be tested by the facts established and such inferences as may fairly be drawn therefrom.   It is found—we must presume on sufficient evidence— that the payments made by the defendant were within the provisions of the trust, in other words, for the support of Mrs. Gray and the minor children.   It is no valid objection that the payments were made on Mrs. Gray's requisition, as she had the care and custody of the children; nor can it be held as matter of law that it was the duty of the defendant so to administer the trust

as to provide for the support of the minor children until they became self-supporting.  The stipulation did not provide for more than that the fund should be employed for the combined support of Mrs. Gray and the children.  Plaintiffs complain specially because $700 of the fund was expended in the year 1920.  But here again it cannot be said as matter of law that this expenditure was not within the provisions of the trust, although it represented a substantial part of the fund.

[11]    The point is made that the decree should have determined the rights of the plaintiffs without dismissing the bill. The balance in the hands of the defendant is less than twenty dollars.  To terminate the trusteeship this amount was decreed to Mrs. Gray and the guardian of the minor children in equal shares.  Neither makes complaint with this division, though it is not strictly in accordance with the terms of the trust.  It would seem to be for the interest of all concerned that the trust be terminated.  Since the defendant prevails on the merits, the bill was properly dismissed.

[12, 13]    It is urged that costs should not have been allowed the defendant, as the plaintiffs have prevailed to the extent of establishing the right to an accounting.  *Weston* v. *Cushing,* 45 Vt. 531, is relied upon in support of this claim.  But there the plaintiff prevailed upon the main issue in the case, though not to the full extent of his claim, yet to a greater extent than was admitted by the defendants.  On this ground he was allowed to recover his costs.  The general rule is that, when a trustee who has acted honestly and in good faith comes into court to render his account, he is entitled to his costs.  *Chamberlin* v. *Estey,* 55 Vt. 378.  In the instant case it was in evidence that the defendant had never been asked to account, that it had at all times been ready and willing to do so, that its accounts relating to the trust had at all times been at the disposal of the complainants for examination and had been inspected and full copies thereof made by a representative of Mrs. Gray, and that no complaint or suggestion of dissatisfaction had ever been received prior to the bringing of the bill.  Coupled with the fact that the defendant was not found liable beyond what it admitted in its answer, these facts amply warrant the decree as to costs.  These are the only claims advanced why the findings do not support the decree.

*Decree affirmed and cause remanded.*