# Merton O. Huntley, Lillian Huntley v. Arthur Dubois

[278 A.2d 750]

No. 160-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 1, 1971

*John Morale*, Wells River, for Plaintiffs.

*Reginald T. Abare*, Barre, for Defendant.

**Holden, C.J.** The plaintiff Lillian Huntley and her husband, by a second marriage, joined in a deed of their home property to Mrs. Huntley's son by a former marriage. The instrument, dated July 31, 1968, conveyed a farm of one hundred sixty acres, subject to the reservation of the use and possession of the property by the grantors during their lives and that of another resident on the farm. The conveyance states that it is given for one dollar and other valuable consideration and that the grantee agrees to pay all real estate taxes levied against the property for the year 1968 and taxes due in the years to follow.

In this action in equity the plaintiffs seek to annul the deed and obtain restitution of the property for failure of consideration. The defendant answered to the merits of the complaint. The cause was heard by the chancellor who reported the facts and granted equitable relief rescinding and cancelling the deed.

This appeal by the defendant followed. His first claim of error is directed to the complaint. He contends the court erred in failing to dismiss the complaint for want of sufficient allegations to justify any equitable relief.

The defendant made a motion to this effect, which was in the nature of a *demurrer*. However, the case presented here fails to show that the lower court heard or ruled on the motion. The case proceeded to hearing on the merits. In this context of the record, the preliminary motion was waived. *Davis* v. *Union Meeting House Society*, 92 Vt. 402, 404, 105 A. 29 (1918); *Osha* v. *Higgins, Higgins & Avery*, 90 Vt. 130, 133, 96 A. 700 (1916).

In any event, the question which the defendant seeks to present by this assignment of error relates principally to the application of the parol evidence rule. That question was adequately saved for review in connection with his other claims of error.

The chancellor received oral testimony on the question of the consideration given for the deed. At that time both parties to the instrument were agreed that they would not inform the defendant's brothers and sisters about the conveyance. On the evidence presented, he found that no monetary consideration was given nor contemplated by the parties,

although at the time of the conveyance the property had a market value of $7,000 to $7,500. At the date of the hearing this had increased to $15,000, although the property was in serious disrepair.

The court found that part of the consideration for the conveyance was the defendant's agreement to pay the taxes in 1968 and subsequent years. Additional consideration for the deed was found in the defendant's undertaking to furnish the plaintiffs with firewood every year, keep the property in repair and generally assist the grantors in the maintenance of the property, since they were unable to work and were in frail health.

It appears from the findings that the defendant has not paid the taxes assessed on the property for any year except 1969. The defendant undertook some repairs to the foundation walls, bulkhead and septic tank in the summer of 1968, but never finished the work. Since that time he has made no repairs and has only been on the premises on three or four occasions. He has provided only four cords of firewood. This course of conduct was substantial departure from the aid and assistance provided by the defendant before the deed was given. In consequence, the parties are not on friendly terms.

Since the deed was given, the defendant has harvested lumber on the farm, which he marketed and derived the proceeds of the sale. The defendant has been compensated for the grant of a power line right of way on the property in the amount of $1,500. The plaintiffs received $4,000 from the same source.

On the strength of these facts the equity court concluded there was a failure of consideration for the plaintiffs' deed of July 31, 1968. Equitable relief was granted by way of rescission and cancellation of the deed.

No offense against the parol evidence rule was made in the court's reception of oral testimony to determine the consideration, or the lack of it, involved in the plaintiffs' deed of the farm. *Ladam* v. *Squires*, 127 Vt. 95, 96, 241 A.2d 58 (1968); *Wheeler* v. *Campbell,* 68 Vt. 98, 101, 34 A. 35 (1895). And the court was justified in going outside the written instrument to determine the true nature of the defendant's undertaking with the plaintiffs and whether his promises

were fulfilled. *Citizens Savings Bank & Trust Co.* v. *Paradis & Sons,* 102 Vt. 114, 119, 146 A. 3 (1929).

The peculiar character and incidents of conveyance of property by elderly and infirm persons, in consideration of promised future support and maintenance, are dealt with by the equity courts on principles not always applicable to usual conveyances of bargain and sale. 12 S. Williston, Contracts § 1456, (3d ed. W. Jaeger 1970). Sometimes, as in the case at bar, the parties do not desire to reveal the actual consideration for the grant. See 4 J. Wigmore, Evidence § 3433 (3d ed. 1940).

█ Parol proof is properly admitted to show a collateral and contemporaneous undertaking, not inconsistent with the written agreement where the cause of action is not founded on the writing itself. It matters not that the second undertaking develops from the same transaction. *Lunnie* v. *Gadapee,* 116 Vt. 261, 263, 73 A.2d 312 (1950). The policy of our decisions has been liberal in construing and applying the rule. *Roof, Trustee* v. *Jerd,* 102 Vt. 129, 130, 146 A. 250 (1929). The trial court correctly received such evidence in the present proceedings.

██ It is, of course, true that cancellation and rescission of a written instrument require that clear and strong equities prevail in behalf of the party seeking such relief. It is important, though not controlling, that both parties be restored, as nearly as possible, to the situation which existed at the time the deed was given. *Lariviere* v. *Larocque,* 105 Vt. 460, 468, 168 A. 559 (1933). According to facts determined by the chancellor, his decree will not work any injustice to the defendant in this respect. The minor expenditures in time and effort that he has made are more than counterbalanced by the monetary benefits he has derived since the deed was given. The chancellor's decision is well founded on the facts and free from errors of law.

*Decree affirmed.*